# PROVIDENCE COUNTY.

———◆———

LOUIS J. DOYLE *et ux. vs.* WILLIAM HARRIS.

A complainant suing for specific performance must show that he has not been in default.

Hence, when a contract for the sale of land provided for the payment of the "balance of the purchase money" at a time certain, and the court, from evidence which was conflicting, found the time had been extended by agreement to a day certain, and the vendee did not then pay, nor did he claim that he had ever tendered the price and demanded a deed; the court dismissed the vendee's bill for specific performance.

*Semble,* that in this country the tender of a deed by the vendee is unnecessary in order to put the vendor in default, as the deed is to be prepared by the vendor.

BILL IN EQUITY for specific performance brought upon the following contract : —

" Received of Sarah E. H. Doyle, wife of Louis J. Doyle, one hundred dollars, on account of the purchase of lot 105, and part of another on the Dean estate. Said lot is 39.72 feet front on Bridgham Street, one hundred feet deep, and fifty-five feet on rear line. Price of same to be seventy-five cents per square foot. Balance of purchase money to be paid in two months, when a good and satisfactory deed to be given. Interest at 7 pr. ct. from this date.                                WILLIAM HARRIS.

" PROVIDENCE, *October 4, 1871.*"

The facts are stated in the opinion of the court.

*March* 27, 1877.   POTTER, J.   It is essential to any contract that there should be parties on both sides competent to contract; and the statute of frauds makes no difference in that respect.

The complainant on this point relies on *Ives* v. *Hazard*, 4 R. I. 14, 28, as disposing of the question of mutuality. In that case both parties were competent to contract, and the question was whether they had contracted, and whether the agreement signed by only one party was sufficient. It is not therefore decisive of this case. *Flight* v. *Bolland*, 4 Russ. 298.

Upon the point that a feme covert having a separate statutory estate can make contracts to bind that estate, as she could in

some cases her equitable separate estate, it is not necessary here to decide.

The case comes before us upon bill, answer, and replication and the depositions of L. J. Doyle, the husband of the complainant, and of the respondent. The answer, therefore, is to be taken as conclusive so far as it is responsive to the bill, unless there is testimony to vary the effect of it.

The bill, after alleging the agreement, proceeds to allege that the complainants have always been ready and willing to pay when the title was shown and a conveyance made free of incumbrances. It alleges no demand for a deed or tender of one, or tender or offer to pay.

The answer, after denying any agreement with Louis J. Doyle, states that the only agreement was with Mrs. Doyle by an agent, and claims benefit of this as by demurrer. It then goes on to state, that, after the time expired, namely, December 4, Mr. Doyle said he could not pay then, and asked delay until December 15, which was verbally granted, but that although the respondent has always been ready to give a deed, the complainants never at any time demanded a deed, or paid or offered to pay the remainder of the money.

Louis J. Doyle, in his deposition, says that he called on the respondent on December 4, when the time expired, and asked for further time, and that nothing was said about extending it for any definite period.

The respondent, in his deposition, says that Doyle called on him a few days after December 4th, and further states that the value of the land had materially risen between the middle of December, 1871, and the filing of this bill.

The argument of the complainants proceeds on the ground that they were not bound to offer the money until the other party tendered them a deed.

If the respondent was suing for performance, it would then be important for him to show that he had tendered a sufficient deed.

But here the complainants claim performance as vendees.

By the English practice, in order to put the vendor in default, the vendee must not only tender the money, but must himself prepare and offer a deed to be executed by the vendor. And

many of the English cases have turned on the difficulty of making a good title, growing out of their intricate system of real estate law.

While there are conflicting cases in this country, we believe the weight of authority to be that the tender of a deed by the vendee is unnecessary, as it is generally prepared by and at the expense of the vendor. See notes to Sugden's Vendors & Purchasers, *263. And in the United States Supreme Court, in *Taylor* v. *Longworth et al.* 14 Pet. 172, Judge Story, delivering the opinion of the court, holds that the local practice should prevail; and the general understanding here, we believe, has been that the vendor is to prepare the deed.

At law the vendee suing must show either a strict performance on his part, or a tender and refusal.

And in equity the party suing is not discharged from performance any more than at law, except in cases of accident or mistake on his part, or laches or default on the other side. He must show that he has not been in default himself. *Walker* v. *Jeffreys*, 1 Hare, 341, 348, 352; *Voorhees* v. *De Meyer*, 2 Barb. S. C. 37. Equity excuses actual performance in some cases where it would have been of no avail, as where a tender would have been refused. Fry on Specific Performance, § 619; *Hunter* v. *Daniel*, 4 Hare, 420, 433. So in cases of accident or mistake, or justifiable excuse, where the other party suffers no injury. *Longworth* v. *Taylor*, 1 McLean, 395, 400, 402. He must perform or show a readiness to perform, or some default of the other party which excuses him. *McNeil* v. *Magee*, 5 Mason, 244, 256; Fry on Specific Performance, § 608; 2 Eq. Ca. Abr. 33; *Wood* v. *Perry*, 1 Barb. S. C. 114, 131. And the respondent's negligence cannot excuse the complainant. Fry on Specific Performance, § 608. And if the court finds that there was a sufficient excuse, that delay of payment has not operated injuriously, that the condition of the parties and the value of the property remain unchanged, and the same justice can be done, it will grant relief. *Longworth* v. *Taylor*, 1 McLean, 395, 400, 402; Opinion of Story, J., in *Taylor* v. *Longworth et al.* 14 Pet. 172; *Doloret* v. *Rothschild*, 1 Sim. & Stu. 590; *Crofton* v. *Ormsby*, 2 Sch. & Lef. 583, 603; *Benedict* v. *Lynch*, 1 Johns. Ch. 370; *Scott* v. *Fields et als.* 7 Ohio, 2d part, 90, and cases there cited.

It is a matter for the sound discretion of the court whether to decree specific performance or leave the parties to their remedy at law. *Simmons* v. *Hill et al.* 4 Har. & McH. 252.; *Willard* v. *Tayloe*, 8 Wall. 557 ; *Marble Co.* v. *Ripley*, 10 Wall. 339.

Chancellor Kent, in *Benedict* v. *Lynch*, 1 Johns. Ch. 370, 376, thus comments on the mischief likely to arise from the lax indulgence of this discretion : " The notion that seems too much to prevail, that a party may be utterly regardless of his stipulated payments, and that a Court of Chancery will almost at any time relieve him from the penalty of his gross negligence, is very injurious to public morals."

And it has even been held that the complainant must not only tender the money, but must follow it up by bringing it into court. *Doyle et al.* v. *Teas et als.* 5 Ill. 202, 265, 267.

Was the time ever extended, and if so how long ? We have on this point only the conflicting evidence of the answer and the two depositions ; and considering the weight to which the answer is entitled, and that the burden of proof is on the complainants, we cannot hold that there was any extension but for a definite time.

The respondent in his answer filed in May, 1872, swears that he was willing and ready to execute the deed. For some reason the depositions were not taken until 1875, and the respondent in his deposition swears that he was willing to give the deed not only up to the filing of the bill in May, 1872, but up to the time he sold the lot to another person in the autumn of 1874.

And the complainants do not offer any evidence, or even claim that they have ever tendered or demanded a deed ; or tendered the money or offered to pay it.

*Bill dismissed, but without costs.*

*A. & A. D. Payne* and *John C. Pegram*, for complainants.
*Vincent & Carpenter*, for respondent.