WILLIAM L. GREEN, in equity,

*vs.*

THOMAS A. JONES, administrator, and others.

Penobscot.    Opinion January 1, 1885.

</div>

*Equity.    Specific performance.    Statute of frauds.*

Specific performance of an oral contract for the conveyance of real estate, may be decreed by a court possessing full equity jurisdiction, where there have been such acts of part performance by the party seeking relief, as will be considered sufficient in equity to take the case out of the operation of the statute of frauds.

In April, 1862, G made an oral agreement for the purchase of real estate of his brother-in-law, S, who agreed to convey the premises free from all incumbrances, when paid for. G paid part of the purchase money down and entered into the possession of the premises and thereafter retained the possession. He made payments towards the balance of the purchase money at different times, completing the payments in 1869. At the time of the agreement, the premises were encumbered by mortgage, and so remained encumbered until about August, 1882. In September, 1882, S died, intestate. *Held*, upon a bill in equity by G against the administrator and heirs of S, that he was entitled to specific performance of the ageement to convey.

ON REPORT.

Bill in equity to which a general demurrer was filed and joined. The case was then, by consent, reported to the law court, upon the facts alleged, to make such decision and order such decree as the rights of the parties required.

The material facts are stated in the head note and opinion.

*Charles Hamlin and Jasper Hutchings*, for the plaintiff.

*H. L. Mitchell*, for the defendants.

FOSTER, J. The object of this bill is a specific performance of an oral agreement for the conveyance of real estate. This necessarily presupposes an agreement, and the bill must, as in all cases of this description, set out what that agreement was.

Upon inspection of the bill, it will be found to be a parol contract for the sale of real estate, and therefore void by the statute of frauds. An action at law could not be sustained on this agreement. The statute for the prevention of frauds would be a barrier to the maintaining of an action upon it.

The power of this court, as a court of equity, then, must rest on other grounds, for the specific execution of parol agreements is decreed in equity for the purpose of preventing fraud.

Heretofore, on account of limited equity powers, this court has declined to enforce specific performance of oral contracts relating to real estate, and it was not until February 28, 1874, that " full equity jurisdiction, according to the usage and practice of courts of equity in all cases where there is not a plain, adequate and complete remedy at law, " was conferred upon it,

with power of decreeing specific performance in cases of this kind. St. 1874, c. 175; *Stearns* v. *Hubbard*, 8 Maine, 320; *Wilton* v. *Harwood*, 23 Maine, 131; *Pulsifer* v. *Waterman*, 73 Maine, 244.

Nor will a court of equity lend its aid in the enforcement of oral contracts, unless there shall have been such acts of part performance by the party seeking relief, as will be considered sufficient in equity to take the case out of the operation of the statute, and authorize a court of general equity powers, in the exercise of a sound discretion, to decree specific performance.

And it is well settled that the ground upon which courts of equity consider part performance of such contract as creating an equity to have the agreement specifically executed, is that it would be a fraud upon the party if the transaction were not completed. *Parkhurst* v. *Van Cortland*, 14 Johns. 15; *Newton* v. *Swazey*, 8 N. H. 13; *Tilton* v. *Tilton*, 9 N. H. 391; *Malins* v. *Brown*, 4 Comst. 410; *Pulsifer* v. *Waterman*, 73 Maine, 244; *Kidder* v. *Barr*, 35 N. H. 255.

Where there has been part performance, the refusal to complete it is in the nature of a fraud, and the defendant is estopped to set up the statute of frauds in defence. *Potter* v. *Jacobs*, 111 Mass. 37; Fry on Spec. Perf. § 384; Adams, Eq. *86; 3 Pom. Eq. Jur. § 1409.

We must in this case, then, examine and ascertain what the contract was in fact, the extent of its execution by the party seeking aid, and in what the injury, hardship or fraud would consist, if a performance were denied.

The contract set forth in the bill, and admitted by the demurrer, was, that the complainant was to pay Jeremiah G. Spaulding, now deceased, the sum of four hundred dollars, one hundred of which was to be paid down, and the balance "to be paid in such sums, at such times, and in such manner as might thereafter be convenient for the complainant," and at the completion of said payments, the complainant was to have a warrantee deed of the premises free of all incumbrance.

It further appears that in pursuance of said agreement, the complainant entered into the possession and use of the premises,

the next day (April 12, 1862), and has ever since, during a period of more than twenty-one years, with the full knowledge and consent of the respondents' intestate, continued in the possession and use of the same; that payment in full was completed about seven years after the contract was made, and that said Spaulding died in September, 1882, without ever having executed and delivered the deed of the premises in accordance with said contract.

The authorities are numerous that a respondent cannot avail himself of the statute of frauds, on demurrer, when a bill in equity is brought to enforce specific performance of an oral contract, although the bill admits the contract to be by parol, if such bill, in addition to the contract, alleges matter avoiding the bar created by the statute, such as part performance. *Harris* v. *Knickerbacker*, 5 Wend. 638.

In the case at bar, to take the same out of the operation of the statute of frauds, the complainant relies on certain facts alleged in the bill, additional to the fact that the contract was oral, as amounting to such part performance as to give a court of equity jurisdiction to enforce specific performance of the contract.

What are these facts? The admission into possession of the premises under and in pursuance of the contract, immediately thereafter, and the open, exclusive and long continued occupation of the same, not only during the time in which the payments were being made, but ever afterwards for a period of more than thirteen years, together with full payment of the consideration, or price agreed upon between the parties to the contract.

Possession of land taken by the vendee and continued from the time of the contract to the time of bringing the bill, such possession being in pursuance of the contract, is an act of part performance, taking the case out of the operation of the statute of frauds. *Harris* v. *Knickerbacker, supra.* And in this case, where the possession had been for eight years, the court says: " The possession is, in my judgment, to be considered as taken on account of the contract and pursuant to it; and being thus taken by the appellant and continued so long, it would be a fraud

in him now to repudiate the contract. The respondent may, therefore, allege this possession and its continuance by his permission, as a part performance available to avoid the operation of the statute of frauds."

Admission into possession, having unequivocal reference to the contract, has always been considered an act of part performance. *Lester* v. *Foxcroft*, 1 Cole's Parl. Cas. 108; Leading Cas. in Eq. 774 *; *Marphet* v. *Jones*, 1 Swanst. 181; 4 Kent's Com. 451 *; Waterman, Spec. Perf. § 270.

Although it was formerly held otherwise, the authorities now all agree that mere payment of the consideration alone will not take it out of the statute. *Webster* v. *Blodgett,* 59 N. H. 120; *Glass* v. *Hulbert*, 102 Mass. 28. Nevertheless, possession together with payment is sufficient part performance; and this act is greatly strengthened where improvements have been made, serving to explain and define one act of part performance "to which it is itself a superadded and contributory act." Brown, St. Frauds, § 487; *Tilton* v. *Tilton*, 9 N. H. 390; *Wetmore* v. *White*, 2 Caines' Cas. Err. 109; Story, Eq. Jur. § 763; *Stark* v. *Wilder*, 36 Vt. 755; Waterman, Spec. Perf. § § 270, 280.

The law is thus correctly stated by the supreme court of Vermont: "It is equally well settled that where the purchaser pays the whole or a part of the purchase money, and enters into possession of the premises, or does acts relying upon the agreement, that places him in such a position that the refusal by the seller to execute the contract on his part, will operate to his prejudice and injury, beyond the payment of the money, so that the repayment of the money, or the recovery of it, will not be an adequate remedy, then such acts will take the case out of the statute, and warrant a court of equity in decreeing a specific performance of the contract. A refusal under such circumstances to execute the contract, it is sometimes said in the books, operates as a fraud on the purchaser." *Stark* v. *Wilder*, 36 Vt. 755.

The defence here claimed by the respondents in relation to the statute of frauds, cannot prevail. The facts alleged, and

admitted by the pleadings, are sufficient to constitute part performance on the part of the complainant, thereby taking the case out of the statute and entitling him to a decree for specific performance, unless by his delay in asking relief, he has slept upon his rights, and been guilty of such laches as would deprive him of that right.

By the terms of the contract the complainant was entitled to a deed at the time when he completed his payments for the land, which was something more than twelve years prior to the death of Spaulding. It can not be claimed that until after the payments were completed the complainant was in fault by reason of any delay.

Where a vendee of land had paid a large part of the purchase money and a judgment was rendered for the balance, it was held that a delay of eighteen years to enforce the contract was not a bar to a suit for specific performance. *McLaughlin* v. *Shields,* 12 Pa. St. 283.

In considering this branch of the case we are permitted to regard the situation of the parties, their relation to each other, and the circumstances of the case as gathered from the facts alleged.

The parties were near relatives, and the trust and confidence in each other, whether well founded or otherwise, seems to have been reciprocal. The complainant was to have a warrantee deed " free and clear of all incumbrances ;" but it appears that, at the time of the contract, these premises, together with other lands of said Spaulding, were encumbered by mortgage, and remained thus encumbered till about a month prior to his death. He had many times acknowledged payment to different parties, promised to give complainant a deed, and, as it is alleged, would have done so had he not died.

With whom are the equities in this case? Would a decree for specific performance be doing injustice, or would a denial of it be inequitable?

The respondents represent the deceased, and there is nothing that shows any change in the situation of the parties, or the property, or any new interests intervening, that would render a

decree inequitable. The death of either party to such a contract does not impair its obligation, and forms no objection to the maintaining of a bill for specific performance, in a case where such performance might have been enforced had the party lived. *Newton* v. *Swazey*, 8 N. H. 14; *Kidder* v. *Barr*, 35 N. H. 253. Here had been full execution of the contract on the part of the complainant, and full payment by him. If the contract were executory on his part, and none or a part only of the consideration had been paid, the equities between the parties would stand in a different light. The court remarks in *King* v. *Hamilton*, 4 Pet. 328, that " when a party comes into a court of equity seeking equity, he is bound to do justice, and not to ask the court to become the instrument of iniquity."

In cases where the contract is not fully executed on the part of the complainant seeking for a decree of specific performance, even where time is not of the essence of the contract, courts of equity will not interfere where there has been long delay and laches on the part of the party seeking specific performance.

Especially is this true where there has in the mean time been a great change in the circumstances, as in the value of the land, and new interests have intervened. In such cases the refusal is upon the plain ground that it would be inequitable and unjust. *Holt* v. *Rogers*, 8 Pet. 433; *Bernard* v. *Lee*, 97 Mass. 93. "Inexcusable laches and delay," says FOLGER, J., in *Merchant's Bank* v. *Thompson*, 55 N. Y. 12, "will debar a party from the relief which, they being absent, he might have by a judgment for specific performance." But whenever the delay is attributable to the party resisting performance, he will not be allowed it as a defence. *Munro* v. *Taylor*, 3 Mc. N. & G. 723; *Morse* v. *Merest*, 6 Madd. 26; *Spurrier* v. *Hancock*, 4 Ves. 667.

In *Lloyd* v. *Collett*, 4 Bro. Ch. Cas. 469, Lord LOUGHBOROUGH said the conduct of the parties, inevitable accident, &c. might induce the court to relieve, notwithstanding the lapse of time. And in *Waters* v. *Travis*, 9 Johns. 450, the court held that mere lapse of time is not, in all cases, an objection to decreeing specific performance; and in that case where an agreement for the sale of land was suffered to remain unexecuted for fourteen years,

the vendee having continued in possession, the court under the circumstances of the case decreed specific performance of the contract. It was stated by SPENCER, J., that the continuance of the possession by the tacit consent of the respondent, was a constant and continued affirmance on his part that the holding was under the agreement, and that this was irresistible evidence that the agreement was not abandoned by the parties, and their conduct was such as to leave no doubt that they both looked to the future performance of it, and brought it within the principle laid down by Lord LOUGHBOROUGH. These views are supported by *Bernard* v. *Lee*, 97 Mass. 93, and cases there cited; *Ahl* v. *Johnson*, 20 How. 521; *Taylor* v. *Longworth*, 14 Pet. 175; *Hubbell* v. *Von Schoening*, 49 N. Y. 330; *Eyre* v. *Eyre*, 19 N. J. Eq. 102. In the case last cited, there had been a delay for fifteen years in calling for specific performance for the conveyance of land under a parol contract, and without any attempt to enforce it in the lifetime of the vendor.

Mr. Justice CLIFFORD, in the opinion of the court announced by him in *Ahl* v. *Johnson*, *supra*, says "that courts of equity, as a general rule have always claimed and exercised the right to decree specific performance of agreements in respect to the purchase and sale of real property, in their discretion, and usually to a more liberal extent in favor of purchasers than those who contract to sell such properties."

The court expects the party to show that the relief which he is seeking is, under all the circumstances of the case, equitable, and to account in a reasonable manner for his delay. *Taylor* v. *Longworth*, 14 Pet. 175. This is more often the case where the contract is executory on the part of the complainant, than when it has been executed by him. *Bernard* v. *Lee*, 97 Mass. 95; Waterman, Spec. Perf. § 480.

In this case the equities seem to be with the complainant. True, there has been delay in seeking his equitable relief, but, under the circumstances of this case, not such gross negligence as will necessarily defeat his right. He was admitted into possession of the premises and has lived there all the time under the agreement, paying the taxes and treating the property as his

own, paying in full the consideration in accordance with that agreement, without objection from the respondents' intestate, Spaulding. Such occupancy, taken in connection with the relation and situation of the parties, the length of time it has continued, the fact of its incumbrance by mortgage, the admission of payment and of promise to convey, indicates that the delay in completing the contract by executing and delivering a deed is certainly as much, if not more, attributable to the deceased, as to the complainant. And it is as evident that this delay has been acquiesced in by the deceased as well as by the complainant. It goes to show that the contract was not considered by either party as abandoned, but that there was a "constant and continued affirmance," that the holding was under the agreement, and now when the complainant can not be made whole in any other way, it is his right to ask that the agreement should be performed by the party whose delay and death has compelled him to seek the intervention of a court of equity.

Nor do we think the statute of limitations should apply in this case for the reasons before stated. The language of Mr. Justice BARROWS, in *Lawrence* v. *Rokes*, 61 Maine, 43, may not be inappropriate in this connection, that " where it appears beyond question or dispute that lapse of time has not, in fact, changed the condition and position of the parties in any important particular, and there are any peculiar circumstances entitled to consideration as excusing the delay, they (the court) will not refuse the appropriate relief, although a strict and unqualified application of limitation rules might seem to require it. . . . He does not plead the statute of limitations, and although under rule VI, he may have the benefit of a plea in bar by inserting its substance in his answer, in the absence of any intimation in the answer that he claims exemption on the score of lapse of time, the court will not interfere to set up the bar, but will consider the respondent as waiving it, even though the facts alleged were such as to make it appear that it might be successfully interposed."

Neither will courts of equity allow such a bar to prevail " to suits in equity, where it would be in the furtherance of a manifest injustice." Story's Eq. Jur. § 1521.

Under all the circumstances, and upon the case as set forth in the bill, we are of the opinion that the complainant is entitled to the specific performance for which he prays, and, in accordance with the stipulation of the parties, the entry should be,

> *Demurrer overruled. Bill sustained, with no costs for complainant. Decree for specific performance as prayed for in said bill.*

PETERS, C. J., DANFORTH, VIRGIN, EMERY and HASKELL, JJ., concurred.