Nibert v. Baghurst.

---

FRANCIS NIBERT

v.

GEORGE BAGHURST et al.

1. Possession of lands by vendee under a valid contract of sale, by act or permission of vendor, with part payment of consideration, and improvement ·of the property with the assent of vendor, being an equitable interest of which he could not avail himself as a defence in an action of ejectment, will, if satisfactorily established, entitle vendee to an injunction restraining the ·enforcement of a judgment in such action.

Nibert *v.* Baghurst.

2. Neither acts merely ancillary to an oral agreement for the sale of lands,. although attended with expense, nor part payment of the consideration money, are considered acts of part performance sufficient to relieve the case from the provisions of the statute of frauds.

3. A parol agreement to convey is not a license to enter.

4. Possession by the vendee, to be potential, as an act of part performance, to take the case out of the statute, must be under the agreement, and with the assent or knowledge of the vendor.

5. Improvement of the property by the vendee to be considered to that end, must be with the acquiescence of the vendor.

6. Equity proceeds on the ground that it would be a fraud for the vendor to allow the vendee to remain in possession and expend his money in improvements, so as to render it impossible for the parties to be restored to their original situation, confessedly on the faith of an agreement of sale, and then try to avail himself of the statute of frauds to avoid the contract.

7. To establish such fraud, it is necessary to prove that such acts were done by the vendee with the knowledge and acquiescence of the vendor.

8. Section 9 of the statute of frauds of this state (*Rev. p. 446*) renders it unnecessary to set out the consideration of the agreement, but the other parts. of the contract must appear in the paper or papers claimed to contain it.

9. If the signed memorandum is incomplete, the defect cannot be supplied from other papers, unless they are connected as parts of one contract by internal evidence derived from the signed memorandum.

10. A contract made on Sunday is void under the laws of this state.

11. Where the whole equity of complainant's application for an injunction: is met by the answer and proofs of defendant, the judgment of a court of law should not be interfered with, and parties deprived of the fruits of their recovery, until the cause can be brought to final hearing.

On order to show cause why injunction should not issue.

*Mr. John W. Wescott,* for the complainant.

*Mr. E. A. Armstrong,* for the defendants.

GREEN, V. C.

The bill of complaint in this action is filed by Francis Nibert against George Baghurst and wife and Francis Phillips, for the specific performance of a contract for the sale of lands and the conveyance of the same according to the alleged terms thereof.

The answer denied the contract as set up in the bill.

The complainant being in possession of the premises, an action of ejectment was brought against him in the supreme court by Baghurst and wife, in which judgment was rendered in their favor. Execution, issued on this judgment, being in the hands of the sheriff of Camden county for the dispossession of complainant, he has filed a petition in this suit to restrain the defendants from enforcing their judgment and writ.

The claim of the petitioner is, that on or about August 2d, 1886, he purchased of George Baghurst certain lands in the county of Camden for the sum of $830, and that Baghurst also, and as part of said contract, agreed to build a bridge and road for complainant's use across Timber creek, a stream which runs through the land, with the right to raise a dam for water-power on said creek for the purpose of a factory; that part of the consideration money was paid, and that in pursuance of the agreement Baghurst and wife put him in possession of the property, and that he immediately erected a dwelling-house thereon, which he and his wife have since occupied; that after these acts in performance of the agreement, and after his making other payments, Baghurst refused to carry out his contract, but conveyed the property to the defendant Phillips, in fraud of complainant's rights. The action of ejectment was commenced in August, 1887. He says that his interest was neglected by his attorney, and that judgment was taken against him by default; that other counsel, on January 13th, 1888, obtained a rule to show cause why the judgment should not be opened; that this rule was abandoned, and he then employed his present counsel, and that the sheriff of Camden county threatens to put him out of possession by virtue of the writ in his hands.

An order to show cause why an injunction should not issue, and restraining further action in the ejectment suit in the meantime, having been allowed, the defendants have filed their answer to the petition, with the affidavits of the defendants and other witnesses.

The petitioner's equity rests on the allegations that he is in possession of the premises, under a valid contract of sale, by act and permission of the vendors; that he has paid part of the con-

sideration money, and that while in such possession he has erected a dwelling-house upon the premises.

This shows an equitable interest of which he could not have availed himself as a defence in the action of ejectment (*Commissioners* v. *Johnson, 9 Stew. Eq. 211*), and which would entitle him to the protection of a court of equity, if satisfactorily established. *Story Eq. Jur.* § *887*.

The testimony produced on this motion shows, that the property in question belonged, in August, 1886, to George Baghurst and wife; that "it was wild land, in the bush, except a small part of a meadow;" that George Baghurst was the agent of his wife, and managed and carried on all her business matters and affairs; that on or about August 2d, 1886, George Baghurst and Francis Nibert came to a verbal agreement for the sale and purchase of the property in question for the consideration of $830, $200 to be paid in cash, and the balance in four equal yearly installments, with interest.

Whether there was an understanding on the part of Baghurst to build a bridge and road for Nibert's use, is in dispute between the parties. The agreement was to be reduced to writing by a Mr. Turner, a real estate agent, and signed by the parties. Twenty-five dollars were paid on the day of the agreement by Nibert, and several small payments were also made during the summer, which, with some painting, amounted to $155. Baghurst, under date of October 13th, 1886, wrote to Nibert, suggesting the execution of an agreement in writing. In February, 1887, Baghurst prepared an agreement in writing, which was left with Turner, but which Nibert refused to sign, because, as alleged, nothing was said in it about a bridge or dam. After this, and on March 24th, 1887, Nibert asked Baghurst whether, if he did not go on with the matter, he could have his money back; to which Baghurst replied, "Certainly; the money is yours, not mine; you can have it back at any time at call." On the 19th of May, 1887, the parties met by appointment at the office of Shivers & Moffit. Here Nibert claimed "there was not as much land, nor as great value in the land, as he thought when he had made the proposition, and, therefore, he was not willing

to purchase for the sum named;" but he offered Baghurst to, make an immediate purchase and settlement for the sum of $650. Baghurst, denying any liability on his part, consented that if Nibert would immediately purchase and settle for the land he would take that sum. Nibert had a deed prepared with consideration of $655, which Baghurst, on June 3d, 1887, discovered. embraced a lot he had sold to one Rogers, as well as the land he had agreed to sell to Nibert, and he declined to execute it on that account, saying to Nibert he could not convey that tract, as it had been sold before he ever saw him; to which Nibert replied, "Then I will not accept it," and Baghurst then told Nibert, "I will give you your money back."

Soon after this Nibert took possession of the property, and commenced building his house, whereupon the suit in ejectment was brought, with the result stated.

After the recovery in this suit the property was sold and conveyed by the Baghursts to the defendant Phillips.

The defendants resist the application for an injunction, on the grounds that the alleged agreement was by parol, and is not enforceable under the statute of frauds, and that it was made on Sunday, and is void under the laws of this state.

The petitioner seeks to avoid the objection based on the provisions of the statute of frauds, first, on the ground that there had been such a part performance of the contract as to take the case out of the statute, under the rules which obtain in the courts of equity, and that there was a sufficient memorandum under the statute of this state.

As part performance he introduces several documents, such as maps, surveys, draft of agreements and similar evidence, and sets up part payment of consideration, possession and the erection of a dwelling-house.

Acts ancillary to an agreement, although attended with expense, are not considered acts of part performance. Thus, the delivery of abstracts of title, giving orders for conveyances, going to view an estate, putting deed in solicitor's hands to prepare a conveyance, surveying and similar acts, do not have the effect of taking the case out of the interdiction of the statute. *1 White*

*& T. Lead. Cas.* \**1886, notes to Lester* v. *Foxcroft ; Brett Lead. Cas.* \**101.*

Part payment will not of itself ordinarily take the case out of the operation of the statute.   *Clinan* v. *Cook, 1 Sch. & L. 22, 40 ; Campbell* v. *Campbell, 3 Stock. 270 ; Cole* v. *Potts, 2 Stock. 67 ; Story Eq. Jur.* § *760 ; Pom. Cont.* § *112.*

To make Nibert's possession effective as an element to take the case out of the statute, it must be ascertained if it was by the act or permission of Baghurst.

A parol contract to convey is not a license to enter.   *Suffern* v. *Townsend, 9 Johns. 35.*

The petition alleges that in pursuance of the said agreement the defendant George Baghurst, and Mary, his wife, put the petitioner in possession of said premises.   Nibert's affidavit, annexed to his petition, contains the same general averment.   In his supplemental affidavit, in which he gives in detail and with particularity the specific acts connected with the transaction, he alleges that he went to work to clear the land, but states no circumstance connecting Baghurst with any acts of possession. The defendants, in their answer and affidavits, deny that they put him in possession, and, on the contrary, allege and prove that he forcibly and wrongfully, without permission of defendants, and in spite of the warnings of Baghurst and his wife, took possession of the property, and held and retained the same, and that, refusing to surrender, they immediately commenced their action of ejectment.

The evidence shows, that in May, 1887, Nibert threatened to take possession and build a house, whereupon Baghurst forbade him doing so, and told him, if he did, he would bring an action against him ; that this was several times repeated, until, finally, in July, 1887, he commenced building, and Baghurst brought suit.

The clear weight of the testimony is, that the possession of Nibert, so far from its being by the act or consent of Baghurst and under the agreement, was forcible and against his positive and reiterated protest.

Possession taken and held under such circumstances cannot be ·construed to be a part performance of the contract. *C. & A. R. R. Co.* v. *Stewart, 3 C. E. Gr. 489; Cole* v. *White,* cited *1 Bro. Ch. 409; Jervis* v. *Smith, Hoffm. Ch. 470; Story Eq. Jur.* § *768; Lord* v. *Underdunck, 1 Sandf. Ch. 46; 2 White & T. Lead. Cas. ·887; Brown St. of F.* § *483.*

The equity arising from the expenditure of money in the building of a house is based on the rightful possession by Nibert ·of the property, and the knowledge of Baghurst and his acqui-·escence in such acts of assumed ownership.

Equity proceeds on the ground that it would be a fraud for the vendor to allow the vendee to continue in possession and ·expend his money in improvements, so as to render it impossible for the parties to be restored to their original situations, confess-·edly on the faith of an agreement of sale, and then try to avail himself of the statute of frauds to avoid the contract. *Young* ·v. *Young, 18 Stew. Eq. 27, 34; Eyre* v. *Eyre, 4 C. E. Gr. 102; Green* v. *Richards, 8 C. E. Gr. 32; Brewer* v. *Wilson, 2 C. E. ·Gr. 180, 185; Pom. Cont.* § *104; Pom. Eq. Jur.* § *1409.*

The bare statement of the principle presupposes acquiescence ·on the part of the vendor, and acquiescence assumes knowledge ·of the vendee's acts. "For, to constitute fraud, there must coin-cide, in one and the same person, knowledge of some fact and ·conduct inequitable having regard to such knowledge." *Fry Spec. Perf.* § *389.*

We have seen that the possession of Nibert was against the ·wish and warning of Baghurst, and it clearly appears that the latter commenced proceedings in ejectment as soon as he heard the building was being erected. The erection of the house and ·the possession of the land are both of the same character. They fail as elements of part performance, because done without the knowledge or acquiescence of the vendor.

.   Was there a sufficient memorandum of the agreement to satisfy ·the requirement of the statute? When the parties came to an understanding, Nibert paid Baghurst $25, and took from him ·a receipt for that amount "to account for in the purchase of the .meadow lot," signed "George Baghurst." Since the revision

of 1874 it is not necessary that the consideration of a contract,. coming within the statute, should be set out in the memorandum. (*Rev. p. 446 § 9),* and the cases which hold that to be a requisite have to that extent become inapplicable; but it is necessary that the other parts of the agreement should appear in the paper or papers which are claimed to be sufficient.

The receipt mentioned is as full and definite as any of those given; it fails to designate the land other than as "the meadow." On the day the agreement was made, Baghurst gave to Nibert a tracing from a map of the lines of the property in question, and at another time a memorandum of the courses and distances of the boundaries of the tract, but there is no reference whatever in any of the signed memoranda to the other papers, so as to make the latter part of the former. "The connection between the signed and the unsigned papers cannot be made by parol evidence that they were actually intended by the parties to be read together, or of facts and circumstances from which such intention may be inferred. The connection between them must appear by internal evidence derived from the signed memorandum." *Johnson & Miller* v. *Buck, 6 Vr. 338.*

The agreement on which the petitioner relies was made on or about the 2d of August, 1886. Every allegation in his petition and affidavits of conferences or consultations with reference to the matter refer to that as the date of the agreement on which he bases his rights. The 2d of August, 1886, fell on Monday, but it abundantly appears by the proofs that it was on Sunday, the preceding day, that Baghurst and Nibert came to their understanding, and the $25 was paid. The receipt given therefor Baghurst says he purposely dated ahead, so that it would not appear to have been given on Sunday. It will appear from the somewhat protracted statement before made of what took place between these parties, that no new contract was ever consummated between them. There was negotiation and a new basis agreed on, but it failed of fulfillment. The case of petitioner, under the evidence at present before the court, rests solely on a contract made on Sunday. This is fatal. *Reeves* v. *Butcher, 2 Vr. 224;*

*Ryno* v. *Darby, 5 C. E. Gr. 231; Steffens* v. *Earl, 11 Vr. 128, 137.*

Counsel for petitioner urges that defendants should be enjoined until the final hearing. The defendants have fully answered the equity of the complainant's petition. They have sustained their answer by their own affidavits and those of other witnesses. There can be no question, under the evidence, that the defendants have established their contentions, that the agreement was by parol, and that the acts of complainant which he claims as part performance do not come within the rules which equity considers sufficient to take the case out of the statute, and also that the agreement was made on Sunday. No attempt has been made to controvert or contradict these affidavits. The positions indicated must be considered as proven. Defendants have established their legal rights by a judgment of the supreme court. They are entitled to its benefits, unless complainant can make a clear case for equitable interference. The case he attempts to set up is met and disproved. Defendants have been deprived of the fruits of their judgment in ejectment since they obtained it in December, 1887, and it would be unjust to further delay them under the case as made. If complainant can make out his contentions by evidence to be produced on final hearing, all his rights will be secured by the filing of a *lis pendens,* which, it is asserted, and it is to be assumed, has been filed. On the other hand, nothing which now appears justifies the interference of this court with the execution of the judgment of the supreme court.

I advise that the order be discharged, with costs.