AMERICO CAMEROTA ET AL. *v.* BRONISLAWA WISNIEWSKI

SUPERIOR COURT  FAIRFIELD COUNTY  FILE No. 101279

Memorandum filed April 30, 1958

*Moore & Epifanio,* of Stamford, for the plaintiffs.

*Frank E. Jamrozy,* of Stamford, for the defendant.

MacDonald, J.   In this action for specific performance and damages arising out of claimed breach of a contract to sell real estate, a demurrer to the original complaint was overruled on the ground that on the face of the record as it then existed, the demurrer left untouched "the possibility of proof of the action based upon a 'memorandum' within the meaning of the statute."   At that time the court did not deem it necessary to determine, nor did it determine, whether the allegations of the complaint with respect to part performance were sufficient to take the claimed agreement out of the Statute of Frauds.

Subsequent to the foregoing overruling of defendant's first demurrer, plaintiffs, in compliance with a motion for oyer, filed as an exhibit a copy of a written memorandum of agreement which, since it was not signed by the defendant or his agent, fails to meet the requirements of § 8293 of the General Statutes.   Accordingly, the sole question to be determined is whether the allegations of the complaint purporting to set forth acts of part performance on the part of plaintiffs are sufficient, even if proved, to constitute part performance as a matter of law—the question left undetermined in the memorandum on the first demurrer.

In *Santoro* v. *Mack,* 108 Conn. 683, 690, our Supreme Court stated, as claimed by plaintiffs in oppo-

sition to the demurrer, that where one party, in reliance upon a contract involving the sale of real estate, has partly performed it to such an extent that a repudiation by the other party would amount to the perpetration of a fraud, equity looks upon the contract as removed from operation of the Statute of Frauds and will enforce it by specific performance or other relief as the case may be. The court further pointed out in that case (p. 691) : "The rule which we have recognized and enforced in this State is that acts will be held to be in part performance if they are such as clearly refer to some contract existing between the parties, in relation to the subject-matter in dispute."

However, the language of the court continues (pp. 691, 692) in words which would appear to directly support defendant's argument, in favor of her demurrer, as follows: "Under the rule well established by the authorities, it must appear that these acts are of such a character that they can be reasonably and naturally accounted for in no other way than that they were performed in pursuance of a contract between the parties, and though they cannot indicate all the terms of the agreement, they must be in conformity with its provisions. *Van Epps* v. *Redfield,* 69 Conn. 104, 110 . . . ; *Verzier* v. *Convard,* 75 Conn. 1, 7 . . . and cases cited. By the great weight of authority the payment of part or all the purchase price under a contract of this character, is not a part performance of the contract. *McMahon* v. *Plumb,* 88 Conn. 547, 553 . . . ; *Kimberly* v. *Fox,* 27 Conn. 307, 316; 36 Cyc. p. 650, ¶ 2. The acts claimed by the plaintiff as above stated, were not, so far as appears, of this character. They do not compel the inference that there was some contract by which these acts were required of the plaintiff and therefore explainable upon no other theory. We are not forced to the conclusion by anything which appears

of record, that these acts were done in pursuance of the requirements imposed by a contract between the parties. They are of a purely preliminary or collateral character, done by the plaintiff only in anticipation of the actual performance of a contract by both parties. One of the most common acts of part performance, and one which illustrates the distinction to be drawn, is the act of giving possession of the property to the prospective purchaser. *Eaton* v. *Whitaker,* 18 Conn. 222, 229; *Green* v. *Jones,* 76 Me. 563, 566; *Brown* v. *Sutton,* 129 U.S. 238 . . . ; 36 Cyc. p. 659, ¶ E. On the other hand, such acts as measuring the land, making maps and surveys and plans for improvements and other acts prior or preliminary to the acquisition of title, have been held not to be acts of part performance. The acts in question in the present case are of this character. *Nibert* v. *Baghurst,* 47 N.J. Eq. 201 . . . ; *Charlton* v. *Columbia Real Estate Co.,* 64 N.J. Eq. 631 . . . ; *Gratz* v. *Gratz,* 4 Rawle (Pa.) 411; *Fickett* v. *Durham,* 109 Mass. 419, 423; 36 Cyc. p. 676, ¶ I."

The only allegations of part performance in the complaint are those claiming partial payment by plaintiffs of the purchase price, application by them for a mortgage to finance the purchase, retention of counsel to represent them and making of "arrangements for vacating the premises they occupy." None of these acts "compel the inference that there was some contract by which these acts were required of the plaintiff and therefore explainable upon no other theory." *Santoro* v. *Mack,* supra, 692. They are all of "a purely preliminary or collateral character, done by the plaintiff only in anticipation of the actual performance of a contract by both parties." Ibid.

Plaintiffs have alleged no acts done by them pursuant to a contract and in reliance thereon which they claim to have substantially altered their posi-

tion, as was the case of certain acts and changes of position claimed in the case of *Rutt* v. *Roche,* 138 Conn. 605. The mere allegation that plaintiffs "made arrangements for vacating the premises they occupy," even if proved, could be explained as done "only in anticipation of the actual performance of a contract by both parties."

The demurrer is sustained.