Anthony John ANTONIOUS, Plaintiff,

and

Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P., Sanctioned Party–Appellant,

v.

SPALDING & EVENFLO COMPANIES, INC. and Spalding Sports Worldwide, Defendants–Appellees.

No. 01–1088.

United States Court of Appeals, Federal Circuit.

Feb. 28, 2002.

Rehearing Denied Feb. 28, 2002.

Donald R. Dunner, Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P., of Washington, DC, filed a petition for rehearing for plaintiff and sanctioned party-appellant. With him on the brief were Thomas H. Jenkins, of Washington, DC; and Richard L. Rainey; and Michael J. McCabe, II, Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P., of Atlanta, Georgia.

Christopher B. Fagan, Fay, Sharpe, Fagan, Minnich & McKee, LLP, of Cleveland, Ohio, filed a response to the petition for rehearing for defendants-appellees. With him on the response was Richard M. Klein.

Before LOURIE, BRYSON, and LINN, Circuit Judges.

## ON PETITION FOR REHEARING

BRYSON, Circuit Judge.

Appellant Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P. ("Finnegan Henderson"), has filed a petition for rehearing raising three points. These points are of sufficient significance to require further analysis by this court. The facts of the case are set forth in detail in our initial opinion, which is reported at 275 F.3d 1066, 61 USPQ2d 1245.

■ 1. In seeking rehearing, Finnegan Henderson first argues that Spalding waived its right to have this court consider the October 30 letter as a basis for a Rule 11 violation by failing to appeal the district court's ruling rejecting Spalding's revised motion for sanctions. The district court had rejected Spalding's revised motion, which asserted a number of bases for Rule 11 violations, on the ground that the motion failed to comply with the "safe harbor" provision of Rule 11. Finnegan Henderson contends that the original motion was directed only to the complaint and that Spalding therefore has waived any Rule 11 relief based on the October 30 letter.

Finnegan Henderson's characterization of the original sanctions motion is incomplete. As we noted in the initial opinion in this case, Spalding's original sanctions motion and its argument in this court were directed mainly at the complaint. The allegations in the October 30 letter were made part of Spalding's argument on that motion, however, because in the original sanctions motion Spalding treated the allegations in the October 30 letter as supplementing the complaint. The motion referred to the "twenty-one (21) different Spalding Intimidator metal woods" that Antonious had alleged to infringe the '279 patent, and specifically referenced the October 30 letter, which was attached to the

sanctions motion and which charged that the specified 21 Intimidator metal woods infringed the '279 patent. The motion further asserted that

Antonious and Finnegan, Henderson did not, prior to charging that approximately twenty-one (21) other Spalding Intimidator metal woods infringe the '279 patent, determine whether the hosel of each of the twenty-one (21) allegedly infringing Spalding Intimidator metal woods "extends into and connects with a portion of the peripheral mass" as expressly required by claim 1 of the '279 patent.... Antonious and Finnegan, Henderson have thus far failed to obtain, let alone inspect the interior cavities of the approximately twenty (20) other Spalding Intimidator metal woods [other than the one driver that was inspected before the complaint was filed] that Antonious has charged as infringing the '279 patent.... Antonious and Finnegan, Henderson have not explained why they never obtained, or att'empted to obtain, samples of the accused Intimidator metal woods prior to charging that the Intimidator metal woods infringe the '279 patent.

Because the specific allegations about the 21 Spalding Intimidator metal woods infringing claim 1 of the '279 patent were made for the first time in the October 30 letter and not in the complaint, a fair reading of the initial sanctions motion makes clear that the allegations in the October 30 letter were integral to Spalding's contention that Finnegan Henderson had failed to conduct a sufficient investigation to avoid Rule 11 sanctions. While the revised sanctions motion also referred to the October 30 letter, along with other materials that Spalding regarded as the proper subjects for Rule 11 sanctions, the reference to the October 30 letter in the revised motion does not have the effect of removing the references to and reliance on the letter in the original sanctions motion. Accordingly, we reject Finnegan Henderson's argument that Spalding waived its right to argue that Rule 11 sanctions may be based on the allegations in the October 30 letter by failing to appeal from the district court's denial of its revised motion for sanctions.

■ 2. Finnegan Henderson next argues that Spalding waived its right to have this court consider the October 30 letter as a basis for a Rule 11 violation by not raising the issue in its brief on appeal. In its brief, however, Spalding asserted that Finnegan Henderson failed to conduct any sufficient investigation before charging that the 21 specified Intimidator metal woods infringed the '279 patent, and Spalding referred to the October 30 letter as the place where those specific allegations were made. Notwithstanding Spalding's reference to the allegations in the October 30 letter, Finnegan Henderson argues that a Rule 11 violation cannot be premised on those allegations, because Spalding argued that Finnegan Henderson should have done a sufficient investigation of the facts relating to those clubs before filing the complaint, rather than after the complaint was filed.

We did not adopt Spalding's theory that the Finnegan Henderson attorneys violated Rule 11 if they did not have evidence in their possession prior to the filing date of the complaint that would support the more detailed allegations in the October 30 letter. The fact that we rejected Spalding's theory of a Rule 11 violation in part, however, does not mean that Spalding did not raise before us the question whether the allegations in the October 30 letter may properly be considered in determining whether a Rule 11 violation occurred. That issue was presented in Spalding's brief and was the subject of extended dis-

cussion at oral argument. It was not waived.

■ 3. Finally, Finnegan Henderson argues briefly that although it was ordered to serve and file the October 30 letter, and although it served the letter on Spalding, it failed to file it with the district court. Citing the general principle that Rule 11 does not apply to documents that are not filed with a court, Finnegan Henderson contends that because it failed, for whatever reason, to comply with the court's directive to file the October 30 letter, that letter may not be made the subject of Rule 11 sanctions.

■ We reject Finnegan Henderson's argument. Although we are not aware of any case on point, a leading treatise on litigation sanctions states that a litigant cannot escape Rule 11 sanctions by failing to file papers that the litigant has served on an opponent and is required by order to file with the district court. Gregory P. Joseph, *Sanctions and the Federal Law of Litigation Abuse* § 5(c)(1), at 88 (3d ed.2000). That entirely sensible proposition serves the purpose of avoiding the unseemly situation in which a party can make irresponsible allegations in a document that is served and required to be filed with the court, but can then avoid Rule 11 sanctions simply by failing to file the document as directed. The litigant's opponent should be free to assume that such a document complies with Rule 11's requirements, and is subject to Rule 11 sanctions if it does not, without having to determine whether the litigant has actually complied with the directive that the document be filed. This is not to suggest that Finnegan Henderson engaged in any such game-playing in this case, or that the failure to file the October 30 letter was anything other than an oversight on the part of the Finnegan Henderson attorneys. But to adopt the rule that Finnegan Henderson proposes would invite abuse and, at minimum, would enable parties in Finnegan Henderson's position to avoid the consequences of their actions as the result of their own failure to comply with a court order. This case seems to us a particularly suitable one in which to invoke the principle that Justice Story set out many years ago, that "equity will, for the purposes of justice, treat that to have been done, which ought to have been done." *Taylor v. Longworth,* 39 U.S. 172, 177, 14 Pet. 172, 10 L.Ed. 405 (1840); *see also Littlefield v. Perry,* 21 Wall. 205, 88 U.S. 205, 226, 22 L.Ed. 577 (1874); *Jacksonville Port Auth. v. Adams,* 556 F.2d 52, 55 (D.C.Cir.1977) ("In the interest of justice the court may proceed as if action that should have been taken in the courthouse was timely taken."). Accordingly, we hold that Finnegan Henderson's failure to file the October 30 letter, as directed, does not immunize it from Rule 11 sanctions.

The petition for rehearing is denied.