Complainant urges that his parol contract of joint adventure with Cummings Brothers was not a contract for an interest in real estate, but was merely a contract for an interest in the profits to be derived from the purchase and sale of the real estate, and, hence, does not fall within the provisions of our statute of frauds.
The authorities in this country are in conflict as to whether a parol agreement of joint adventure in the nature of a partnership to speculate in real estate falls within the provisions of a statute of frauds similar to the statute of frauds of this state. Some of the authorities adopt the view that when the parol agreement may be said to contemplate only an interest in the profits, as distinguished from an interest in the land, on the part of the party seeking relief, the statute does not afford a bar. Other authorities repudiate that view, and hold that a partnership to speculate in real estate for profit necessarily carries with it an interest in land within the meaning of the statute of frauds. In 18 A.L.R. 484, an extended note collects the authorities of the several states on this general subject. *Page 17 
But it seems unnecessary to here consider whether in any circumstances a joint enterprise in the nature of a partnership of this general nature could be said to contemplate only an interest in profits as distinguished from an interest in the land from which the profits were to be derived, and for that reason free from the operation of our statute of frauds. The parol contract here under consideration was that complainant should become equally interested with the two members of the firm of Cummings Brothers in the contract wherein the Avalon Company agreed to convey to the Cummings Brothers the real estate described in that contract. While ultimate profits necessarily was the primary object of the joint enterprise, equality of interest in the equitable title of Cummings Brothers under the Avalon Company contract was a distinctive feature of the parol agreement; that parol agreement contemplated no rights, powers or interests of Cummings Brothers not equally to be shared by complainant. Accordingly, it seems impossible to contemplate the parol agreement here sought to be enforced as merely an agreement touching profits to be derived from the purchase and sale of land as distinguished from an agreement for an interest in land.
Mr. Justice Story, in Smith v. Burnham, 3 Sumn. 435 (Fed.Cas. No. 13,019), not only repudiates as unsound a distinction between a contract for the sale of land and one for the sale of an interest in the profits to be acquired by its purchase and sale, but also expresses the view, which seems unanswerable, that the trust provisions of the statute of frauds are applicable to all such cases because title is held by one for the benefit of another under agreements not manifest in writing, excepting, of course, resulting and constructive trusts. No resulting trust can be here suggested, since no money of complainant's was used in the acquisition by Cummings Brothers of the Avalon Company contract. That view also appears to have been entertained by Vice-Chancellor Pitney in Schultz v. Waldons, 60 N.J. Eq. 71.
Alike by the terms and spirit of the parol agreement here involved the equitable title of the *Page 18 
Cummings Brothers under the Avalon Company contract was to be held by them for complainant as to an equal one-third interest therein; this constitutes complainant's present claim an attempt to establish an express trust in land by an agreement not manifest by writing. A trust as to an equitable title in land in no way differs in this respect from a trust as to a consummated legal title. Richards v. Richards, 9 Gray 313.
Complainant further urges that there has been sufficient part performance of the parol contract to remove it from the operation of the statute of frauds. In suits for relief by means of specific performance of parol contracts for the sale of land, delivery of possession to the vendee and permanent and valuable improvements made by the vendee have long been regarded as elements affording grounds for that form of relief notwithstanding the statute of frauds. But the utmost that complainant has done, which can be said to be referable to the parol agreement with Cummings Brothers, is in the nature of personal services. Payment in cash or by contribution of personal services are not regarded as part performance within the rule stated. It also is apparent that specific performance of the parol agreement here under consideration is now impossible by reason of changed conditions; nor can this court award money damages where specific performance has become impossible prior to suit.
No relief can be awarded against the Seagate Beach Company. If complainant's contract is to be deemed void or unenforceable against the Cummings Brothers it cannot be made the foundation of relief against the Seagate Beach Company. Any requirement that the Seagate Beach Company issue its capital stock to complainant or for complainant's use, would, necessarily, be based upon an interest of complainant in the land covered by the Avalon Company contract. Nor does the resolutions of the Seagate Beach Company, to which reference has already been made, in any way recognize any interest of complainant in the land.
A decree will be advised dismissing the bill. *Page 19