This is a bill for an accounting of profits derived from the sale of real estate under a verbal agreement.
The elements necessary to create a general partnership are lacking. There was no partnership name, no stationery of the alleged partnership, no joint office and no joint bank account.
It appears, however, that the parties did in a few instances enter into and complete joint ventures. This, however, does not in itself establish a partnership. The act concerning partnerships (chapter 212, laws of 1919, part 2, section 7, articles 2 and 3, at page 483), says:
"Joint tenancy, tenancy in common, tenancy by the entireties, joint property, common property, or part ownership, does not of itself establish a partnership, whether such co-owners do or do not share any profits made by the use of the property. *Page 478 
"Paragraph 3. The sharing of gross returns does not of itself establish a partnership whether or not the persons sharing them have a joint or common right or interest in any property from which the returns are derived."
The deal in question is at best a joint venture, and the evidence indicates that while contemplated it was never concluded.
Moreover, in Grant v. Steenland Construction Co., 99 N.J. Eq. 82,
Vice-Chancellor Backes said (at p. 85):
"The action cannot be maintained upon the ground of a joint venture in the sale of real estate. The contract was not in writing. The point is decisively settled, so far as this court is concerned, by Vice-Chancellor Leaming, in the recent case ofPartridge v. Cummings, 99 N.J. Eq. 14, in which he held that a parol contract of joint venture for speculation in real estate, in which one party engages to acquire in his own name a contract of purchase of certain land and to hold the contract of purchase and to cause operations under it in equal interest with the other party who advanced no money, was one that concerned an interest in land and to be within the fifth section of our statute of frauds, which provides that no action shall be brought upon a contract concerning an interest in lands unless the contract shall be in writing, signed by the party to be charged, and he further held that equitable as well as legal interests in land were embraced within the statute."
In Schultz v. Waldons, 60 N.J. Eq. 71, Vice-Chancellor Pitney held:
"Where there was no previous partnership or joint enterprise between the parties and they agreed by parol that defendant should purchase and take title to land in his own name, and hold it for the joint benefit of both, and plaintiff contributed no money to the enterprise, the contract was within the statute of frauds requiring agreements relating to land to be in writing, and plaintiff could not recover any interest in the land without written proof of the contract."
 I will advise a decree dismissing the bill. *Page 479