Complainant seeks a decree for specific performance of a verbal contract for the sale of lands in Salem county. Defendant pleads,inter alia, the statute of frauds.
Relief must be denied for the following reasons:
1. The terms of the contract, as alleged by complainant, are not clearly proved to the satisfaction of the court.
2. The alleged acts of part performance on the part of the complainant, in so far as there is proof of any part performance, are not sufficient to take the case out of the statute of frauds. *Page 227 
The contract, as alleged by the complainant in his complaint, is that on or about January 20th, 1934, defendant agreed to sell to the complainant and complainant agreed to buy from the defendant, for a consideration of $1,400, the premises described in the bill of complaint, and the complainant says:
"The nature and terms of the agreement were as follows: The said William Richman was to obtain the services of J. Hartley Nixon, * * * to prepare the deed of conveyance. The said William Richman and Flora S. Richman, his wife, were to execute the deed and the deed was then to be left in escrow with the said J. Hartley Nixon. The said complainant was in his turn to receive the deed from the said J. Hartley Nixon upon the payment to said Nixon of the said $1,400."
It appears from the evidence that the defendant, William Richman, did not obtain the services of Nixon to prepare the deed, but that complainant, through his father, his agent, did employ Mr. Nixon, and it further appears that the defendant and his wife did execute a deed of conveyance for the property in question and delivered it to Nixon, and that said delivery was made on or about January 22d 1934, and it further appears that on January 23d 1934, complainant paid to Nixon $100 on account of the purchase price of the property, after an inspection of the deed. It further appears that on or about January 30th, 1934, the defendant withdrew the deed from Nixon's possession and that on February 22d 1934, complainant, then knowing that the deed had been withdrawn from the office of Nixon, delivered to Nixon the balance of the purchase price in the form of a certified check.
The defendant, in his answer, denies that the alleged verbal agreement was as stated by the complainant and says that there was, in fact, a verbal agreement, under the terms of which he, the defendant, was to execute to the complainant a deed for thelocus in quo for a consideration of $1,400, which was to be paid when the deed was delivered, "and in the further consideration that the notes of Clement B. Richman at the Woodstown National Bank and Trust Company *Page 228 
should be paid and the moneys advanced by William Richman should be paid, or arrangements made for their payment out of the sale of lots from the premises conveyed."
The only dispute as to the terms of the oral agreement is, therefore, whether or not the defendant agreed to convey for a consideration of $1,400 and nothing more, or whether he agreed to convey for $1,400 and have secured the notes of Clement B. Richman in the Woodstown National Bank and Trust Company, on which he, the defendant, was an endorser, and whether the further consideration was that other indebtedness of Clement B. Richman to the defendant should be likewise secured.
Without a recital of the testimony given in behalf of both of the parties, I find that the complainant has not clearly proved that the verbal agreement was as he contends it was and after a review of the whole range of the testimony I am unable to say that the complainant has carried the burden of proving clearly the terms of the contract as alleged. I am convinced that the proof in support of the defendant's contention as to the terms of the contract is as worthy of belief as that of the complainant.
In Brown v. Brown, 33 N.J. Eq. 650, the court of errors and appeals held:
"A specific performance will not be decreed unless the existence and terms of the contract be clearly proved."
The court, in the above case, citing Clow v. Taylor, 27 N.J. Eq. 418,
and Cooper v. Carlisle, 17 N.J. Eq. 525, said:
"Nor will it interfere when the evidence leaves the agreement as to any of its terms in uncertainty," and in the case ofCooper v. Carlisle, the court said:
"That the parol agreement must be clearly proved to the satisfaction of the court."
In the instant case the parol agreement is not clearly proved to the satisfaction of the court.
The second reason for the denial of relief is that to withhold relief will not permit the defendant to practice a fraud as against the complainant.
It has been definitely settled by numerous decisions that: *Page 229 
"The specific performance of contracts is a mode of redress grounded upon the impracticability or inadequacy of legal remedies to compensate for the damages which the party seeking it will suffer by the default of the other party in keeping his bargain," and "it is only when the remedy at law will not put the party in a situation as beneficial to him as if the agreement were specifically performed that equity will interfere."
Complainant alleges in his bill that, the contract having been entered into, he, the complainant, changed his position in several respects (a) that he paid the consideration after having gone to the expense of searches and the drawing of the deed and (b) that "complainant has commenced improvements and planning of said land and has incurred divers and necessary expenses thereto."
These allegations are alleged as acts of performance on the part of the complainant, but it clearly appears from the evidence that the complainant has not commenced any improvements on the lands in question nor has he been put to any expense in connection therewith.
It is a fact that complainant has been in possession not only since the alleged verbal agreement to convey, but that he and his father have been in possession for a period of approximately eight years prior to January of 1934, and that they have both been in possession thereof with the consent of the defendant and without the payment of any rent charge therefor.
This possession of complainant is not a possession in pursuance of the contract, and the rule is that the possession must be in pursuance thereof, and Pom. Spec. Perf. § 123, says:
"The meaning of this rule is, that possession, in order that it may of itself constitute a part performance, must be of such a nature and under such circumstances that it shall naturally and reasonably be accounted for by the supposition of a contract rather than of any other relation between the parties, and shall thus clearly indicate the commencement of a new interest or estate in the land on the part of the possessor. * * * It follows, therefore, that if the possession is not connected with the contract, but is referable to some other cause * * * it will not be a part performance." *Page 230 
This leaves the only so-called part performance of the contract on the part of the complainant the payment of the purchase price and the expenses incidental to the drawing of the deed and procurement of searches.
Pomeroy, in giving the foundation of the doctrine of fraud (page 247, section 104), says:
"When a verbal contract has been made, and one party has knowingly aided or permitted the other to go on and do acts in part performance of the agreement, acts done in full reliance upon such agreement as a valid and binding contract, and which would not have been done without the agreement, and which are of such a nature as to change the relations of the parties, and to prevent a restoration to their former condition and an adequate compensation for the loss by a legal judgment for damages, then it would be a virtual fraud in the first party to interpose the statute of frauds as a bar to a completion of the contract, and thus to secure for himself all the benefits of the acts already done in part performance, while the other party would not only lose all advantage from the bargain, but would be left without adequate remedy for its failure or compensation for what he had done in pursuance of it."
The acts done in part performance have been repeatedly held by the courts of New Jersey not sufficient to overcome the provisions of the statute of frauds.
Pomeroy lays down the principal that the payment of the price is not, of itself, sufficient part performance, since the vendee may recover his damages in an action at law. Page 255, section 106; page 262, section 108; page 270, section 112.
This authority has been quoted in many cases in New Jersey and has been uniformly adopted.
In Cooper v. Colson, 66 N.J. Eq. 328, the court said:
"Payment of a part, or even of the whole, of the purchase money, under an oral agreement for the sale of land, is not an act of part performance to take the contract out of the statute of frauds." And to like effect is Shipman v. Shipman, 65 N.J. Eq. 556,
and Lippincott v. Bridgewater, 55 N.J. Eq. 208.
In Nibert v. Baghurst, 47 N.J. Eq. 201, the court said:
"Neither acts merely ancillary to an oral agreement for the sale of lands, although attended with expense, nor part *Page 231 
payment of the consideration money, are considered acts of part performance sufficient to relieve the case from the provisions of the statute of frauds."
And at the bottom of page 205 of that case, the court held:
"Thus, the delivery of abstracts of title, giving orders for conveyances, going to view an estate, putting deed in solicitor's hands to prepare a conveyance, surveying and similar acts, do not have the effect of taking the case" out of the statute.
For the reasons above stated, it would seem to be unnecessary to pass upon the various other questions raised by the defendant.
A final decree may be entered dismissing the bill of complaint with costs, but there will be no allowance of counsel fees.