DLOSS REALTY CORPORATION, a corporation, complainant,

*v.*

SCHULTZ BREWING COMPANY, INCORPORATED, a corporation, defendant.

[Decided April 23d, 1935.]

*Messrs. Pitney, Hardin & Skinner,* for Jos. Schlitz Brewing Company.

*Mr. William Harris,* for trustees of defendant company.

EGAN, V. C.

This is a motion to strike or dismiss the petition of Jos. Schlitz Brewing Company filed herein against the defendant,

Schultz Brewing Company, Incorporated. The defendant company is now being managed and operated by three trustees appointed by this court. The petitioner alleges that the trustees of the defendant company display on its signs, advertising its product, the word "Schultz" inscribed with a paraph which it claims is a facsimile of the label of its company, the "Schlitz Brewing Company." Attached to the petition are specimens of the labels and signs used respectively by the defendant company and the Schlitz Brewing Company. The answering affidavit shows that the defendant company is named after Frank Schultz, its principal stockholder; and it is averred that in the use of the name "Schultz Brewing Co., Inc.," it was not the intention, at any time, of the defendant company to confuse the public by the use of such title with the name "Schlitz Brewing Company."

The defendant denies that the word "Schultz" with a paraph is by way of imitation of the word "Schlitz" with a paraph; and it further denies that any deception whatever was practiced. *Exhibit "A,"* attached to the bill, is an exposition of the "Schlitz" label, while *Exhibit "C"* is a display of the "Schultz" label. In the exhibits the word "Schultz" and the word "Schlitz" are clear, distinct and legible. In my opinion there is no similarity in the script. An examination of the respective exhibits shows that the letters which appear in each name—the "S," the "H" and the "L" are entirely different. The "H" and "L" in the "Schlitz" sign are straight block letters, while in the "Schultz" sign they are round and open. The paraphs are dissimilar. The paraph in the "Schlitz" sign extends approximately one-third of the name and is triangular in shape; the "Schultz" paraph extends further than the name itself and its shape is entirely different from that in the "Schlitz" sign. The final letter "Z" in each name is by no means alike, and the form and outline is entirely different, and in my opinion would not deceive the average person.

The "Schultz" label has on it the words "Schultz Brewing Co., Inc., Union City, New Jersey, The home of quality." The label is white. Whereas, on the "Schlitz" label, appears the following:

"Jos. Schlitz Brewing Co., Milwaukee, Wis., U. S. A.," and also "The beer that made Milwaukee famous."

The word "beer" on the "Schultz" label is gothic, while the lettering of the word "beer" on the "Schlitz" label is of quite a different character. I fail to see any similarity between the two labels. In my opinion the "Schultz" label does not, and will not, lead to deception; nor is there merit to the contention that it is fraudulent. *Hill Bread Co.* v. *Goodrich Baking Co., 89 Atl. Rep. 863; Hilton* v. *Hilton, 89 N. J. Eq. 182; 104 Atl. Rep. 375; International Silver* v. *Rogers, 72 N. J. Eq. 933; 67 Atl. Rep. 105; Medlar & Holmes Shoe Co.* v. *Delsarte, 68 N. J. Eq. 706; 46 Atl. Rep. 1089; affirmed, 68 N. J. Eq. 706; 61 Atl. Rep. 410; Standard Table Oil Cloth Co.* v. *Trenton Oil Cloth and Linoleum Co., 71 N. J. Eq. 555; 63 Atl. Rep. 846; Peerless Laundry Co., Inc.,* v. *Peerless Service Laundry, Inc., 111 N. J. Eq. 221; 161 Atl. Rep. 832.*

Complainant's counsel contends that the motion to strike carries with it an admission by the defendant of the truth of the allegations in the petition. Certainly the motion is in the nature of a demurrer; and it is elemental that a demurrer admits those allegations which are well pleaded. There are exceptions to this rule; some of them are notably expressed, as will be observed, in *Middlesex Transportation Co.* v. *Pennsylvania Railroad Co., 82 N. J. Eq. 550; 89 Atl. Rep. 45; In re Queen, 82 N. J. Eq. 583; 89 Atl. Rep. 290.*

The allegation of fraud in the petition, which when considered with the facts upon which it is based, and the exhibits in evidence, is not established. It must be borne in mind also that allegations based on information and belief are not admitted by a demurrer. *Huselton & Co.* v. *Durie, 77 N. J. Eq. 437; 77 Atl. Rep. 1042.*

Vice-Chancellor Garrison, in *Schuler* v. *Southern Iron and Steel Co., 77 N. J. Eq. 60; 75 Atl. Rep. 352,* commenting on such allegations, said:

"The bill sets forth the pleader's construction of the said plan and agreement; but since a copy thereof is attached to the bill, the allegations of the pleader in this respect are

not controlling, but the document itself will be read and construed by the court."

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

"As to so much of this paragraph as is on information and belief the demurrer is not an admission of the facts so pleaded."

See, also, *Trimble* v. *American Sugar-Refining Co., 61 N. J. Eq. 340; 48 Atl. Rep. 912,* in which Vice-Chancellor Pitney expounded the principles enunciated in the last cited case. *Sullivan* v. *Browning, 67 N. J. Eq. 391; 58 Atl. Rep. 302; Stimis* v. *Stimis, 54 N. J. Eq. 17; 33 Atl. Rep. 468.*

While the allegation suggests one inference, and the exhibit produces another, the exhibit should, and will, prevail herein. *Kaufmann* v. *Kaufmann, 70 Atl. Rep. 956.*

In *Guadorff* v. *Schleisner, 85 Md. 360; 37 Atl. Rep. 170,* the court of appeals said:

"The truth of the facts set out in the bill, where they are properly pleaded, will not be questioned; but, where the bill alleges a fact expressly negatived by the contract of partnership filed with the bill, such representation of fact cannot be said to be properly pleaded, nor is it entitled to be accepted as true." *Cornell* v. *Green, 53 Fed. Rep. 105.*

The labels of the "Schlitz" company and the "Schultz" company, respectively, advertise the cities where their product is brewed. No observing eye can make a mistake in noting the "home town" of the beverages clearly indicated in the respective advertising signs. I see no similarity between the respective labels. I am satisfied that the defendant company has indulged in no deceptive or fraudulent practice. Under the circumstances, I shall advise an order granting the motion of the defendant to strike the petition.