18 N.J. Super. 30 (1952)
86 A.2d 446
ANTHONY R. DeMARCO, PLAINTIFF,
v.
FRANCIS ESTLOW, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided January 29, 1952.
*32 Mr. James D. Stockwell for plaintiff (Messrs. Bleakly, Stockwell and Zink, attorneys).
Mr. James M. Davis, Jr., attorney for defendant.
HANEMAN, J.S.C.
Prior to the filing of the answer in the above entitled cause, the defendant moved to strike the complaint on the ground that the same was insufficient in law. After argument before the Honorable C. Thomas Schettino, the motion was denied, without prejudice to the rights of the defendant to renew the same at the time of trial. This motion is therefore considered after answer filed.
The complaint set forth in some detail the negotiations and arrangements between the plaintiff and defendant. Reduced, however, to its most concise statement, the recited facts reflect the following:
While the plaintiff was negotiating for the purchase of a large tract of land, the defendant, who was as well interested in acquiring the same, suggested that the plaintiff cease his negotiations and that the tract be purchased by them jointly, to the end that when purchased, the plaintiff would receive title to approximately nine acres adjoining his cranberry houses, and 2,000 acres abutting other cranberry bogs owned by him; and that defendant would receive title to the balance of approximately 3,500 acres. The plaintiff then procured and paid for a survey in order to locate his parcels with certainty. The defendant "stated" that he would secure title from the *33 owner and that plaintiff should advance his part of the price of $6,000, to wit, the sum of $2,500 when said deed to the said plaintiff should be executed by defendant, in accordance with such survey. Consistent with this oral agreement, the defendant obtained title, but has refused to convey any portion of the premises to the plaintiff, except the above referred to nine acres.
The defendant argues, as a basis for his motion, that this is a suit for specific performance of an oral agreement to convey real estate and is therefore unenforceable under the statute of frauds.
Plaintiff asserts that advantage of the statute of frauds may not be taken by motion and that in any event the plaintiff has partially performed, in that he obtained a survey and incurred expense, and that since the alleged facts give rise to a resulting or constructive trust, the said statute of frauds is inapplicable.
Under the practice in effect prior to September, 1948, when a declaration or bill showed on its face that the contract sued on was oral, the statute was available as a defense on demurrer. Wirtz v. Guthrie, 81 N.J. Eq. 271 (Ch. 1913); Douma v. Powers, 92 N.J. Eq. 25 (Ch. 1921).
Motions for dismissal of the complaint under the present practice, on the ground that the complaint sets forth no claim or cause of action, or no claim or cause of action upon which plaintiff is entitled to relief, are a substitute for the former general demurrer, and admit, for the purposes of the motions, the allegations of the complaint. Newark Twentieth Century Taxicab Ass'n. v. Lerner, 11 N.J. Super. 363 (Ch. 1951).
In view of the admission on the face of the complaint that the alleged contract was a parol agreement, the statute of frauds is available to defendant by way of motion.
It becomes necessary, therefore, to consider the argument on the merits of the motion.
Properly analyzed, the agreement alleged by the plaintiff is one for the acquisition of title to a tract of real estate *34 with the agreement that the same shall be divided between the parties.
The alleged arrangement in the matter sub judice could rise to nothing other than a joint venture in the purchase of real estate. It is "a contract or sale of real estate, or any interest in or concerning the same." R.S. 25:1-5.
The plaintiff, as above stated, argues that his action in obtaining a survey in furtherance of the agreement is sufficient part performance to sustain an oral agreement for the sale of real estate.
Acts merely ancillary to an oral agreement for the sale of lands, although attended with expense, are not considered acts of part performance sufficient to relieve the case from the provisions of the statute of frauds. Nibert v. Baghurst, 47 N.J. Eq. 201 (Ch. 1890); Richman v. Richman, 117 N.J. Eq. 226 (Ch. 1934).
The acts set forth in the complaint are merely ancillary to the agreement and are insufficient to relieve the case from the provisions of the statute.
It is apparent, therefore, that if the plaintiff is to succeed, the alleged agreement being an oral agreement and involving an interest in real estate, and there being no part performance, it must be upon the theory of either a resulting or constructive trust.
In no event could the facts as alleged give rise to a resulting trust, since (1) there is no failure of an express trust; (2) there is no performance of an express trust without complete exhaustion of the trust res, or (3) the purchase price for the property was not paid by the plaintiff. Moses v. Moses, 140 N.J. Eq. 575 (E. & A. 1947).
The question for determination, therefore, is whether the facts are sufficient to warrant a conclusion that the defendant holds title as a constructive trustee.
As so ably stated in Moses v. Moses, supra:
"By the great weight of authority, the transferee of land upon an oral trust is allowed to retain the land, save (a) where the transfer *35 is procured by fraud, duress, undue influence or mistake; (b) where the land is conveyed to a person who is at the time in a confidential relation to the transferor for whom he has orally agreed to hold it; (c) where the transfer is effected by deed absolute in terms, but intended as a mere security; (d) where the transfer was made in contemplation of death; and, perhaps, other cases which need not be mentioned here."
Although there are no cases in which the alleged oral agreement contemplated the identical result as in the case sub judice, there are cases in New Jersey where the agreement was to purchase real estate as an investment for the joint benefit of the parties. There is no legal reason to distinguish the facts in this case from those where the parol contract contemplated an acquisition of title in the name of one party, to be held as an investment for the benefit of both, as within the prohibition of the statute of frauds, and not giving rise to a constructive trust.
In Schultz v. Waldons, 60 N.J. Eq. 71 (Ch. 1900), the court said as follows:
"The result of my consideration of the subject is that where, as here, there is no previous partnership or joint enterprise between two parties, A and B, and they agree by parol that B shall purchase and take title in his own name to a single piece of real estate, and hold the same for the benefit of both, and A contributes no money to the enterprise, and there is no written proof of the contract, the statute of frauds prevents A from successfully claiming an interest in the land."
The theory as expounded in the last cited case has been affirmed by Partridge v. Cummings, 99 N.J. Eq. 14 (Ch. 1926); Grant v. Steenland Construction Co., 99 N.J. Eq. 82 (Ch. 1926), affirmed 100 N.J. Eq. 566 (E. & A. 1926), and Silberman v. Angert, 101 N.J. Eq. 477 (Ch. 1927). See also 42 A.L.R., pages 62-75; 135 A.L.R., pages 241-247.
The plaintiff has failed to plead facts sufficient to give rise to a constructive trust.
For the foregoing reasons, the motion will be granted.