32 N.J. Super. 212 (1954)
108 A.2d 200
SYLVESTER MIANULLI AND CARMELA MIANULLI, HIS WIFE, PLAINTIFFS-APPELLANTS,
v.
THOMAS J. GUNAGAN AND MINNIE GUNAGAN, HIS WIFE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 27, 1954.
Decided October 5, 1954.
*214 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Samuel J. Davidson argued the cause for appellants (Messrs. DeFazio, Davidson & DeFazio, attorneys).
Mr. Allan A. Maki argued the cause for respondents (Messrs. Corbin & Corbin, attorneys).
*215 The opinion of the court was delivered by JAYNE, J.A.D.
The defendants resisted the prosecution of this action by a motion for an order dismissing the complaint because of its failure to allege a cause of action for which remedial relief could be judicially granted. R.R. 4:12-2(e). The motion was not supported by any factual information extraneous and supplementary to the allegations of the complaint. Cf. R.R. 4:58. The utility and efficacy of the modern motion to strike a complaint for some reason apparent on its face or because the factual charges as stated therein fail adequately to invoke jurisdiction or relief are functionally similar to those of the demurrer in our early practice. The material matters of fact sufficiently alleged in the complaint are for immediate purposes generally to be regarded as admitted. Cf. State v. Foster Wheeler Corp., 133 N.J. Eq. 554 (Ch. 1943). There is an exception to the rule inapplicable here where facts are alleged which are contradictory to facts of which the court takes judicial notice. Daniel's Chancery Practice 546; Middlesex Transp. Co. v. Pennsylvania R.R. Co., 82 N.J. Eq. 550 (Ch. 1913); Dloss Realty Corp. v. Schultz Brewing Co., Inc., 13 N.J. Misc. 389, 391 (Ch. 1935). Unlike the consideration of an application for summary judgment, the court is not attentive to the ascertainment of the existence of a genuine issue concerning a material fact. Vide, R.R. 4:58-3.
In the determination of a motion of the present nature the basic inquiry, like that in the event of the former demurrer, is whether the defendant should be required to answer. Accordingly it has long been the rule that to prevail in such an attack upon the pleading, its insufficiencies to invoke relief must be clearly apparent and if there is any ground on which the pleading can be legitimately retained the endeavor to strike it must fail. Here the motion was granted, and the propriety of the order is the subject of this appeal.
For the purposes of our review we shall necessarily construe the import of the allegations of the complaint liberally in favor of the pleader.
*216 The following is an epitome of the factual narrative that can be logically collected from the associated allegations of the complaint.
The plaintiffs acquired a parcel of land known as plot No. 6 and the defendants became the owners of plot No. 8 as designated on a plan entitled "Map of Property of Andrew D. Hopper and George H. Hahn, Hurd Cove, Lake Hopatcong, N.J." Plot No. 7 was situate between the two first mentioned. The plaintiffs and the defendants desired to enlarge their own plots by the acquisition of the one-half of plot No. 7 contiguous to their respective properties. Thus motivated, it was orally understood and agreed by them that "each would make an effort as the agent of the other to acquire title to said plot No. 7 and whoever of said persons acquired the said title thereto, he or she would then convey at cost one-half of the said Plot 7 immediately adjacent to the premises of the respective plaintiffs or defendants." The defendant Minnie Gunagan purchased plot No. 7, and the defendants have refused to convey to the plaintiffs at cost the one-half thereof contiguous to the property of the plaintiffs "contrary to the trust and confidence reposed in them by the plaintiffs as in equity and good conscience they should do." The prayer of the complaint is that the defendant Minnie Gunagan be adjudged to hold the title to the one-half of plot No. 7 contiguous to plot No. 6 in trust for the plaintiffs, and that the defendants be directed to convey the same to the plaintiffs upon an equitable adjustment of the cost of acquiring the interjacent plot.
The order striking out the complaint is sought to be sustained by the defendants for the reasons that the complaint omits to allege that the parties were partners or that the plaintiffs contributed anything toward the payment of the purchase price and that the action is in reality in the nature of one for the specific performance of an oral agreement to convey land which encounters the inhibition of the statute of frauds. The applicable decisions are said to be Schultz v. Waldons, 60 N.J. Eq. 71 (Ch. 1901); Partridge v. Cummings, 99 N.J. Eq. 14 (Ch. 1926); Grant v. Steenland *217 Construction Co., 99 N.J. Eq. 82 (Ch. 1926), affirmed 100 N.J. Eq. 566 (E. & A. 1927); Silberman v. Angert, 101 N.J. Eq. 477 (Ch. 1927); DeMarco v. Estlow, 18 N.J. Super. 30 (Ch. Div. 1952), affirmed 21 N.J. Super. 356 (App. Div. 1952).
We surmise that in the present case the nature of the alleged cause of action and the factual basis for the equitable relief have been misconceived. In its conspicuous aspect this action does not reach for a judgment directing the specific performance of the oral agreement to sell nor for the adjudication of a resulting trust. Its obvious objective is the equitable establishment of a constructive trust arising out of alleged circumstances of fraudulent imposition practiced upon the plaintiffs by their agent.
The allegation in this complaint of the existence of the fiduciary relationship between the plaintiffs and the purchaser in the transaction seems to have escaped attention, for it is the familiar general rule in equity that one who even gratuitously undertakes to act for another in a matter of trust and confidence, such as the purchase of real property for the other, shall not in the same transaction act for himself against the interest of the one relying upon his integrity. Wright v. Smith, 23 N.J. Eq. 106 (Ch. 1872); Rogers v. Genung, 76 N.J. Eq. 306 (E. & A. 1909). A flow of subsequent decisions by our courts of equity has reiterated the principle and exemplified its application. The solidarity of the principle is exhibited in Restatement of the Law of Restitution, § 194; 3 Scott on Trusts, § 499, p. 2413 et seq. Moreover it has been aptly said that its judicial recognition is in harmony with sound public policy and conducive to the public welfare.
We may serviceably quote a pertinent expression of the principle from Scott on Trusts:
"The simplest situation arises where the fiduciary is under an affirmative duty to purchase the property for the beneficiary, and he not only fails to purchase it for the beneficiary but purchases it for himself. The result is the same, however, even though the fiduciary *218 would not incur a liability to the beneficiary for his failure to purchase the property. It is sufficient that he is under a duty if he purchases it at all to purchase it for the beneficiary. In such a case if he purchases the property for himself, he is chargeable as constructive trustee of the property for the beneficiary, and can be compelled to surrender it to him, on being reimbursed the amount of the purchase price."
See, too, 54 Am. Jur. 180, §§ 237, 238.
The notion that where the transaction in which the betrayal of confidence occurs implicates the purchase of land, the statute of frauds becomes an insurmountable obstacle to the remedial device of equity is not new. It was the defensive averment in Harrop v. Cole, 85 N.J. Eq. 32 (Ch. 1914), affirmed 86 N.J. Eq. 250 (E. & A. 1916), and was not therein recognized as an impediment to the judicial declaration of a constructive trust.
Counsel for the defendants prominently project for our consideration the decision in DeMarco v. Estlow, supra, by Judge Haneman, but perhaps they have neglected to compare it with the decision of the same learned judge in the distinguishable circumstances present in Stretch v. Watson, 6 N.J. Super. 456 (Ch. 1949), affirmed on this ground, 5 N.J. 268, 279 (1950), in which speaking of a constructive trust he stated (on p. 466): "Equity will not suffer the use of the Statute of Frauds as an instrument of fraud."
We know not what the averments of the answer may be nor what the credible evidence may disclose the facts to be. It may be that the true compact was to engage in a joint venture to purchase the property and that there was in fact no fiduciary relationship of principal and agent. See Notes, 18 A.L.R. 484, 497; 42 A.L.R. 62; 95 A.L.R. 1242, 1246; 135 A.L.R. 241; 27 A.L.R.2d 1285, 1300. However, we conclude that the complaint on its face presents a cause of action cognizable by a court of equity.
The order under review is reversed.