**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1380-17T1

MICHAEL MORRIS, Individually
(and for those similarly situated),

     Plaintiff,

 and

PETER J. CRESCI, Individually (and
for those similarly situated),

     Plaintiff-Appellant,

v.

JOSEPH DEMARCO, Individually,
JOHN F. COFFEY, II, Individually,
DONNA M. RUSSO, Individually,
CHARLES FREYER, Individually,
DAISEAN KEMP,[1] Individually,
DEBORAH FALCIANI, Individually,
ANDREW CASAIS, Individually,
DREW NIEKRASZ, Individually,
KARLA GARCIA, Individually,

     Defendants,

and

---

[1] Improperly pled as DeSean Kemp.

CITY OF BAYONNE,

      Defendant-Respondent.

_____

      Submitted May 9, 2019 – Decided June 27, 2019

      Before Judges Simonelli and Firko.

      On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-2666-17.

      Peter J. Cresci,[2] appellant pro se.

      Michael A. D'Aquanni, attorney for respondent.

PER CURIAM

Plaintiff Peter J. Cresci, as an aggrieved taxpayer, appeals from an October 27, 2017 Law Division order dismissing his complaint with prejudice. Plaintiff sought to compel defendant, The City of Bayonne, to enforce a residency requirement set forth in City Ordinance 20-16.1 against twenty-six defendants who are or were City employees but did not reside in the City. For the reasons that follow, we affirm.

I.

City Ordinance 20-16.1 (the Ordinance) required that City employees hired after March 8, 1991 had to be bona fide residents of the City as a condition

_____

[2] Mr. Cresci was an attorney. We refer to him as plaintiff and Cresci.

2

of their employment, unless otherwise provided by law.  The Ordinance provides in relevant part:

> a.  Except as expressly provided otherwise by law, all officers and employees employed by the City of Bayonne shall be required to be bona fide residents therein and shall be required to be residents of the City at the time of recruitment, selection or appointment.
>
> b.  Except as expressly provided otherwise by law, all nonresidents of the City of Bayonne subsequently appointed to positions or employments after March 8, 1991, including those nonresidents hired or appointed pursuant to paragraph c. of this subsection, shall become bona fide residents of the City within one year of their appointment.  Failure of any such employee to obtain or maintain residency within the City of Bayonne shall be cause for removal or discharge.  In the event such employee does not maintain or fails to obtain bona fide residency, the City of Bayonne shall notify the employee that failure to again take up bona fide residency within the City of Bayonne within six . . . months of the notification will result in removal or discharge.  Such removal or discharge shall take effect on the date specified in such notice, but any employee so removed or discharged shall have the right to such appeals as are available pursuant to law.

When qualified local residents cannot be found to fill positions, the Ordinance provides for an exception:

> e.  Specific Positions and Employment Exemption.  In the event there are certain specific positions and employments requiring special talents or skills which are necessary for the operations of the City and which are not likely to be found among the residents of the

3

A-1380-17T1

City, appointments to such positions or employment may be made to nonresidents provided the Municipal Council by resolution determines the particular position or employment requires special talents or skills. The resolution shall specify the particular talent or skill required and the qualifications unique to the prospective employee which are unlikely to be found among the residents of the City.

On April 3, 2017, plaintiff filed an action in lieu of prerogative writs against the City and the individual defendants, asserting that none of them satisfied the requirements of the Ordinance, and the City refused to enforce its provisions. Plaintiff demanded the court order the City to enforce its residency requirement set forth in the Ordinance, and that the individual defendants either be terminated from their employment with the City, or be compelled to establish residency in the City. Plaintiff alleges defendant Joseph DeMarco, who is an attorney and the City's business administrator, refused to enforce the Ordinance because "doing so would require his own discharge and termination of employment."

Plaintiff also sought damages for material misrepresentation and fraud in the inducement on the grounds that the individual defendants represented they

would reside in the City as a condition of their accepting employment.[3] Plaintiff also alleged violations of his civil rights under N.J.S.A. 10:6-1 because he contends permitting non-residents to be employed by the City constitutes an abuse of discretion, and an unauthorized gift in violation of the Gift Clause of the New Jersey Constitution. N.J. Const., Art. VIII, § 3, ¶ 2 (the Gift Clause).

On May 13, 2017, the City served a frivolous litigation letter on plaintiff pursuant to Rule 1:4-8, requesting that his claims be withdrawn. In response thereto, on March 23, 2017, plaintiff Michael Morris withdrew his claims, with prejudice, but Cresci did not. Thereafter, defendants DeMarco, John F. Coffey, II, an attorney, and the City moved to dismiss the complaint in lieu of filing an answer pursuant to Rule 4:6-2(e).

The movants argued: (1) plaintiff lacked standing as a taxpayer to file the complaint; (2) plaintiff's claims fail as a matter of law because the Ordinance provides an exception for "specific positions and employments requiring special

---

[3]  To the extent plaintiff set forth a prayer for relief "[f]or a finding of misrepresentation and/or fraud in the inducement" in count two, plaintiff does not plead any of the necessary elements of common law fraud: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." Banco Popular N. Am v. Gandi, 184 N.J. 161, 172-73 (2005) (quoting Gennari v. Weichert Co. Realtors, 148 N.J. 582, 610 (1997)).

talents[,]" which may not be found in the City; (3) Coffey, the City's Law Director, qualifies for an exemption from the residency requirement under N.J.S.A. 40A:9-11, which allows a non-resident to hold office as an attorney; (4) the complaint fails as a matter of law because N.J.S.A. 40A:9-136 authorizes a municipality to employ a municipal administrator who "need not be a resident of the municipality"; and (5) plaintiff was mistaken in his interpretation of the Ordinance in demanding termination because the Ordinance requires the City to first issue a notification to a non-compliant employee to cure any residency problem and become a resident within six months prior to seeking his or her termination.

On June 28, 2017, Judge Barry P. Sarkisian dismissed plaintiff's claims against Coffey only, with prejudice, because Coffey was exempt from the Ordinance pursuant to N.J.S.A. 40A:9-11, which provides that "[a] nonresident of any municipality may hold office as counsel, [or] attorney . . . of such municipality and no such office shall be deemed vacated by a change of residence of any such person."

As to the issue of standing, Judge Sarkisian determined that "while the pro se [p]laintiff states that he is bringing this action as a taxpayer, an analysis of [p]laintiff's complaint creates an issue of fact as to whether [p]laintiff has

standing to proceed with this action." Defendants' motion to dismiss on the basis of lack of standing was denied without prejudice to provide plaintiff discovery "regarding his private interest, the public interest at issue, and the purpose and legislative history of the statute[.]"

Judge Sarkisian determined plaintiff sought to compel the City to enforce the Ordinance and it was premature to dismiss the complaint because the City might choose to do so, which would render the relief sought by plaintiff moot. The remainder of the relief requested in defendants' motion was denied without prejudice on the issue of standing because the judge determined that "[p]laintiff [was] entitled to a period of discovery regarding his private interest, the public interest at issue, and the purpose and legislative history of the statute, which [would] hold the [c]ourt's consideration of [p]laintiff's standing[,]" in line with the considerations outlined in People for Open Government v. Roberts, 397 N.J. Super. 502, 510 (App. Div. 2008). Judge Sarkisian also transferred the matter from the Chancery Division to the Law Division pursuant to Rule 4:69-1 because "despite being framed as an action to enforce the requirements, [p]laintiff effectively seeks to compel the exercise of a ministerial duty, as set forth in the ordinance, by compelling [the City] to enforce the residency requirements. Therefore, this is an action in lieu of prerogative writ[s]."

A-1380-17T1

Mandamus, by contrast, is an action "(1) to compel specific action when the duty is ministerial and wholly free from doubt, and (2) to compel the exercise of discretion, but not in a specific manner." Vas v. Roberts, 418 N.J. Super. 509, 522 (App. Div. 2011) (quoting Loigman v. Twp. Comm. of Middletown, 297 N.J. Super. 287, 299 (App. Div. 1997)). The differing legal standards for a mandamus action versus a prerogative writs action, and the different evidence needed to prove each cause of action, provided a sufficient basis for the court to transfer the matter to the Law Division.

On July 19, 2017, at a regular meeting of the City's Municipal Council, Ordinance 17-43 was introduced, which amended Ordinance 20-16.1, by changing the residency requirement date from March 8, 1991, until October 1, 2017. On August 16, 2017, a public hearing and the second reading of the proposed Ordinance 17-43 was held. On September 5, 2017, Ordinance 17-43 went into effect.

On August 18, 2017, Judge Christine M. Vanek granted a second motion to dismiss, filed by the remaining individual defendants, Donna M. Russo, Esq., Karl Garcia, Esq., and Police Chief Drew Niekrasz, for the same reasons expressed by Judge Sarkisian in granting dismissal as to Coffey, i.e. based on

statutory exemptions, and their immunity from individual liability. Neither the June 28, 2017 nor August 13, 2017 orders are part of this appeal.

On September 13, 2017, the City filed a motion to dismiss[4] on the basis that during the pendency of the litigation, the City amended the residency requirement set forth in the Ordinance by modifying its effective date from March 8, 1991 to October 1, 2017, which thereby grandfathered in the defendants, and rendered the residency requirement moot.[5] Following oral argument on October 27, 2017, Judge Francis B. Schultz granted the City's motion and dismissed plaintiff's complaint as to the City, the only remaining defendant at that time. Judge Schultz stated, "you want a declaratory judgment requiring termination of employment or establishment of a bona fide residence. Well obviously, that declaratory judgment is . . . moot at this point[.]"

Consequently, counts one and two of the complaint, seeking a declaratory judgment and injunctive relief requiring the City to adhere to the Ordinance or terminate defendants' employment or compel residency for non-conforming

---

[4] The City also filed a motion for sanctions, which appears to have been granted in part. The resulting order is not contained in the record, and has not been appealed by either party.

[5] See Corey W. McDonald, Bayonne City Council Approves New Worker Residency Ordinance, NJ.Com (Aug. 17, 2017), http://s.nj.com/GRTQszP.

employees, respectively, were dismissed on the basis of mootness. Count three of the complaint, seeking to enforce a purported violation of the Gift Clause of the New Jersey Constitution under the New Jersey Civil Rights Act (NJCRA), N.J.S.A. 10:6-1 to -2, specifically N.J.S.A. 10:6-2(c), was dismissed because plaintiff lacked standing to assert this claim, and he failed to identify any substantive right that was denied or interfered with.

On appeal, plaintiff argues the City's motion was improperly converted to a motion for summary judgment because Judge Schultz considered Ordinance 17-43 in rendering his decision, the judge erred in finding plaintiff lacked standing, plaintiff's NJCRA count was improperly dismissed, and since the City rescinded Ordinance 17-43 in March 2018, the complaint should be reinstated.[6]

---

[6] We denied plaintiff's motion to supplement the record on September 7, 2018, and directed plaintiff to file an amended brief and appendix that do not contain the documents in his motion to supplement. Notwithstanding our ruling, plaintiff's appellate brief contains references to documents which had to be removed as per our September 7, 2018 order. The record reveals that on April 18, 2018, the City was ordered to repeal Ordinance 17-43 because it failed to certify a petition which had garnered sufficient signatures. As a consequence, Ordinance 20-16.1 was reinactivated rather than a referendum being conducted. Minutes of April 18, 2018 Regular Meeting, Municipal Council of the City of Bayonne, http://www.bayonnenj.org/web_content/pdf/minutes/2018-04-18-Council-Minutes.pdf.

II.

Our review of a dismissal for failure to state a claim pursuant to Rule 4:6-2(e) is de novo, following the same standard as the trial court. Smerling v. Harrah's Entm't, Inc., 389 N.J. Super. 181, 186 (App. Div. 2006). Like the trial court, this court must search the complaint "in depth and with liberality to determine if there is any 'cause of action [] "suggested" by the facts.'" State v. Cherry Hill Mitsubishi, Inc., 439 N.J. Super. 462, 467 (App. Div. 2015) (alteration in original) (quoting Printing-Mart Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)). "The inquiry is limited to 'examining the legal sufficiency of the facts alleged on the face of the complaint.'" Ibid. (quoting Printing-Mart Morristown, 116 N.J. at 746). "Dismissal is the appropriate remedy where the pleading does not establish a colorable claim and discovery would not develop one." Ibid.

Plaintiff's argument that the judge improperly converted the motion to dismiss under Rule 4:6-2(e) into a motion for summary judgment under Rule 4:46 lacks merit. The basis for plaintiff's argument is that the motion was automatically converted when the judge considered matters beyond the initial pleading. See Tisby v. Camden Cty. Corr. Facility, 448 N.J. Super. 241, 247 (App. Div. 2017) (if "matters outside the pleadings are presented to and not

excluded by the court, the motion [for dismissal] shall be treated as one for summary judgment and disposed of as provided by Rule 4:46" (quoting R. 4:6-2)).  Here, Judge Schultz considered Ordinance 17-43, which amended Ordinance 20-16, but which was not referenced in the pleadings.  Plaintiff seeks a reversal or remand of the order, because he was not afforded "reasonable notice of the court's intention to treat the motion as one for summary judgment and a reasonable opportunity to present all material pertinent to such a motion."  R. 4:6-2(e).  We disagree.

There is a recognized exception for consideration of matters outside of the pleadings that are subject to judicial notice.  Mianulli v. Gunagan, 32 N.J. Super. 212, 215 (App. Div. 1954) (on a motion to dismiss a complaint for failure to state a cause of action, material facts sufficiently alleged in complaint are generally regarded as admitted, unless facts are alleged that are contrary to facts of which the court takes judicial notice).  The ability of judges to take judicial notice of municipal ordinances under Rule 201(a) is long-standing.  N.J.R.E. 201(a); see, e.g., Perrella v. Bd. of Educ., 51 N.J. 323, 332 (1968).  Thus, it is plain that the judge's consideration of Ordinance 17-43, although not contained within the pleadings, did not mandate conversion of the motion to dismiss into

12

a motion for summary judgment, subject to the notice and opportunity requirements provided in Rule 4:6-2(e).

"The ability of taxpayers to challenge governmental action is not unlimited." Loigman, 297 N.J. Super. at 295. As plaintiff freely acknowledges before this court, his action is, pursuant to Rule 4:69-1, an action in lieu of prerogative writs seeking mandamus. "Mandamus is a proper remedy: (1) to compel specific action when the duty is ministerial and wholly free from doubt, and (2) to compel the exercise of discretion, but not in a specific manner." Id. at 299. On that basis, plaintiff could seek enforcement of the residency requirement, but his attempt to seek rectification of past violations falls outside of the enforcement of clear ministerial duties.

The cases cited by plaintiff are also inapposite, at least as they pertain to his late-minted claim for enforcement of past violations. We made clear in Loigman that where a taxpayer seeks to intervene in a dispute in which he is not a participant nor directly affected, he lacks the "'slight additional private interest' to afford standing . . . in such a situation." Ibid. We have also held that "a prerogative writ action in lieu of mandamus, seeking an order compelling governmental action, would usually not be appropriate unless there was a clear and undisputed ministerial duty or general exercise of discretion involved."

Ibid. Under these controlling standards, plaintiff lacks standing to proceed as to past violations of the residency requirement.

In Roberts, also cited by plaintiff, the factual circumstances are vastly different. 397 N.J. Super. at 505. For one, the plaintiffs in Roberts were challenging the ongoing lack of enforcement of an ordinance, not merely past violations. Ibid. Second, we held that the plaintiffs "have a sufficient particularized interest in the enforcement of the ordinance, beyond their status as 'mere taxpayers,' to afford them standing to pursue [their] lawsuit." Ibid. But here, by plaintiff's own admission, his only relation to the past non-enforcement of the residency requirement is as an aggrieved taxpayer, and thus counts one and two were properly dismissed.[7]

When "an injunction is sought against future violations of a statute[,]" as is the case here, "the time of decision rule is necessary to avoid rendering an advisory opinion on a moot question." Ibid. The passage of Ordinance 17-43 properly served as a basis for mootness on October 27, 2017, even though it was later rescinded. Judge Schultz therefore properly dismissed the complaint and

---

[7] We express no view as to whether plaintiff may have standing in the future to pursue violations of the subject ordinance.

rightfully relied upon Ordinance 17-43, which was presumptively valid at that time.

## III.

We next address plaintiff's claim that Judge Schultz improperly dismissed count three of the complaint, asserting a cause of action under the NJCRA. The Gift Clause of the New Jersey Constitution provides that "[n]o county, city, borough, town, township or village shall hereafter give any money or property, or loan its money or credit, to or in aid of any individual, association or corporation[.]" Plaintiff argues that the City has violated this provision by employing non-residents that do not qualify for employment with the City under City Ordinance 20-16. Plaintiff's claim falls under N.J.S.A. 10:6-2(c) of the NJCRA, which permits "[a]ny person who has been deprived of . . . any substantive rights, privileged or immunities secured by the Constitution or laws of this State[] . . . [to] bring a civil action for damages and for injunctive or other appropriate relief."

However, we agree with Judge Schultz that plaintiff does not have standing to assert this alleged constitutional violation under the NJCRA because plaintiff has failed to allege any substantive right conferred upon him by Article VIII. The NJCRA "is a means of vindicating substantive rights and is not a

A-1380-17T1

source of rights itself." Gormley v. Wood-El, 218 N.J. 72, 98 (2014). New Jersey case law is clear that an individual may prevail on a claim under the NJCRA only "(1) when he's deprived of a right, or (2) when his rights are interfered with by threats, intimidation, coercion or force." Felicioni v. Admin. Office of Courts, 404 N.J. Super. 382, 400 (App. Div. 2008). Thus, in order to establish a cause of action under the NJCRA, "a plaintiff must allege a specific constitutional violation." Matthews v. N.J. Inst. of Tech., 717 F. Supp. 2d 447, 452 (D.N.J. 2010).

Plaintiff's complaint fails to set forth any allegation, let alone authority, suggesting that the Gift Clause confers any substantive right upon individual citizens, or that he has been deprived of any right. As the City argues, there are no reported cases in which an individual plaintiff has brought a claim under the NJCRA for a violation of the Gift Clause. When questioned by Judge Schultz at oral argument "where are your special damages or constitutional right? . . . You gotta show a substantive constitutional right that you've been deprived of[,]" plaintiff simply responded that the violation of the residency requirement "affected [him], as a taxpayer[.]" The judge added: "And I'm getting the impression that you are just pointing out everything they did wrong but not to any right that you've been deprived of."

We agree that plaintiff's status as an aggrieved taxpayer is insufficient to assert a claim under the NJCRA. Our Supreme Court has held that the NJCRA is analogous to 42 U.S.C. § 1983, and "[t]he interpretation given to parallel provisions of Section 1983 may provide guidance in construing our Civil Rights Act." Tumpson v. Farina, 218 N.J. 450, 474 (2014). Thus, "[t]o determine whether our State Constitution or state law confers a substantive right on a class of individuals in any particular case, [a court] will apply the test developed by the United States Supreme Court in [Blessing v. Freestone, 520 U.S. 329, 340-41 (1997)]." Id. at 476. That test is as follows:

> A plaintiff must show that (1) Congress intended the statute to "benefit the plaintiff"; (2) "the right assertedly protected by the statute is not so 'vague and amorphous' that its enforcement would strain judicial competence"; and (3) "the statute must unambiguously impose a binding obligation on the States."
>
> [Id. at 475 (quoting Blessing, 520 U.S. at 340-41).]

Under the above test, there is no substantive right at issue here. Plaintiff, had he attempted to demonstrate the existence of a substantive right, would likely not satisfy prong one. Article VIII does not evince any intention to benefit the class of persons to which plaintiff belongs. In contrast, for example, our Supreme Court in Tumpson found the right to a referendum to be a substantive right where the relevant statutory provision clearly states "'[t]he voters shall also

17

have the power of referendum[.]" 218 N.J. at 478 (first alteration in original) (quoting N.J.S.A. 40:69A-185, a provision of the Faulkner Act, N.J.S.A. 40:69A-185 to -192).

This is not to say that plaintiff has no ability to again challenge the City's failure to abide by the residency requirement contained within City Ordinance 20-16, but he may not do so surreptitiously by means of the NJCRA, as the relevant provision of Article VIII confers no substantive right upon him. We conclude that count three of the complaint was properly dismissed.

We conclude that the remaining arguments—to the extent we have not addressed them—lack sufficient merit to warrant any further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1380-17T1